*797 OPINION OF THE COURT
Daniel D. Leddy, Jr., J.
On July 31, 1979, a delinquency petition was filed in this court against respondent named herein, pursuant to subdivision 3 of section 731 of the Family Court Act. Said filing was in compliance with a Criminal Court order of removal (by Marra, J.), which, after preliminary hearing, had transferred this matter to the Family Court, pursuant to CPL article 725 and 180.75 (subd 3, par [b]). In accordance with subdivision 6 of section 254-a of the Family Court Act, the District Attorney appeared in support of the petition; respondent, who was subject to a Criminal Court securing order, was brought before this court and assigned a Law Guardian. (Family Ct Act, § 249.)
Since a parent or guardian did not appear with respondent at the arraignment of the instant petition, it was necessary to adjourn this matter until August 3, 1979, and to issue summonses for respondent’s parents. On the adjourned date, however, it was discovered that respondent was in placement at the Mission of the Immaculate Virgin, Staten Island, New York. Consequently, a caseworker from the mission appeared at that time as respondent’s guardian.
It also should be noted that on July 31, 1979, the Criminal Court securing order was vacated by this court (Family Ct Act, § 739, subd [c]) and respondent was remanded to the Commissioner of the Juvenile Justice Agency for secure detention. On August 2, 1979, this remand was continued until today upon the consent of the Law Guardian.
On August 3, 1979, the Law Guardian, by oral motion, requested that the court dismiss these proceedings, charging that the instant petition is defective on its face, since it fails to fulfill the statutory requirements of CPL 725.05 (subd 2), and thus gives respondent inadequate notice of the charges now pending against him in the above-captioned matter. This motion is presently before the court and is the subject of this decision.
In support of his application for an order of dismissal, respondent cites that language of CPL 725.05 (subd 2) which directs that a court, upon removing an action or charge to the Family Court in accordance with CPL 180.75 (subd 3, par [b]), must issue an order of removal specifying the "act or acts it found reasonable cause to believe the defendant did.” Respon *798 dent argues that the order of removal filed herein lacks the specificity which the Legislature intended such orders to possess. He further argues that such specificity is absolutely necessary if the subject procedures are to conform to the constitutional standard of due process notice. Otherwise, it is his contention that a respondent would receive insufficient notice as to any allegations brought against him in a postremoval delinquency petition originated pursuant to subdivision 3 of section 731 of the Family Court Act.
In opposition to the instant motion, petitioner refers the court to the definition of a postremoval delinquency petition as found in subdivision 3 of section 731 of the Family Court Act, which reads in relevant part: "When an order of removal pursuant to article seven hundred twenty-five of the criminal procedure law is filed with the clerk of the court such order and the pleadings and proceedings transferred with it shall be and shall be deemed to be a petition filed pursuant to subdivision one of this section containing all of the allegations therein required notwithstanding that such allegations may not be set forth in the manner therein prescribed.” Petitioner therefore argues that even if the order of removal is not in a form sufficient to give respondent adequate notice of the delinquency allegations filed against him (a point which petitioner simply assumes, arguendo, without conceding), there still exists in the very operation of the statute a remedy for this technical, and presumably harmless, defect. For it is asserted that since a postremoval delinquency petition is constituted not only by the order of removal, but also by the Criminal or Supreme Court pleadings and proceedings (cf. CPL 725.05, subd 8), any deficiency as to notice in the order will be cured by these additional papers.
Upon the arguments of counsel and its own review of the statutes and cases, the court concludes that the subject order of removal is statutorily defective, rendering the instant petition constitutionally infirm for not providing a notice of charges which conforms to acceptable standards of procedural due process.
As a threshold observation, the court must emphasize that although respondent’s attack of the petition is admittedly based upon a technicality, it cannot be held that this is a "mere technicality”. Precedence for this conclusion can be found in the rather strong language of the Court of Appeals in People v Zambounis (251 NY 94). In referring to a defendant’s *799 right to notice, the court states (p 97): "The requirement that an indictment and an information must state the crime with which a defendant is charged, and the particular acts constituting that crime is more than a technicality; it is a fundamental, a basic principle of justice and fair dealing, as well as a rule of law.”
In formulating removal procedures as part of its over-all plan for the treatment of the juvenile offender/delinquent (L 1978, ch 481), it must be presumed that the Legislature had studied and considered the potential confusion inherent in this new bifurcated system, as well as any and all threats to an accused juvenile’s procedural due process rights created thereby. (Hotel Dorset Co. v Trust for Cultural Resources of City of N. Y., 46 NY2d 358, 370; Matter of Van Berkel v Power, 16 NY2d 37, 40; I.L.F.Y. Co. v Temporary State Housing Rent Comm., 10 NY2d 263, app dsmd 369 US 795.) Therefore, it can only be concluded that the legislative intent was to incorporate certain well-defined safeguards into the removal process so that it might jealously protect those constitutional rights it had readily recognized. Anything less than strict adherence to these statutory procedures would violate the Legislature’s purpose and intent.
Consequently, the court must place a narrow construction upon CPL 725.05 (subd 2) and subdivision 3 of section 731 of the Family Court Act. These statutes can only be viewed as embodying the Legislature’s understanding of a juvenile respondent’s constitutional right "to be informed of the nature and cause of the accusation” (US Const, Arndts VI, XIV) which remains outstanding against him after removal. (See, also, Matter of Gault, 387 US 1; Albrecht v United States, 273 US 1.) Furthermore, as pointed out in Matter of Gregory W. (19 NY2d 55), a delinquency proceeding is at the very least quasi-criminal in nature and the due process rights afforded criminal defendants should apply to such proceedings. (See, also, Matter of Edgar L., 66 Misc 2d 142, 144; Family Ct Act, §§ 711, 741.) Therefore, the order of removal, as part of the delinquency petition under subdivision 3 of section 731 of the Family Court Act must provide a clear and precise statement of the nature and cause of the Family Court proceedings to be commenced. In the words of CPL 725.05 (subd 2), it must specify the act or acts which the Criminal Court found reasonable cause to believe the defendant/respondent committed. The language is analogous to that found in CPL 100.15 con *800 cerning the form and content of an information and a misdemeanor or felony complaint. Subdivision 3 of that section states that "[t]he factual part of such instrument must contain a statement * * * alleging facts of an evidentiary character supporting or tending to support the charges.” Therefore, an information or complaint "must set forth the acts constituting the crime with the same clarity as an indictment. * * * The defendant should be informed of the nature of the charge against him and of the act constituting it, not only to enable him to prepare for trial, but also to prevent him from again being tried for the same offense.” (People v Zambounis, 251 NY 94, 96, supra.)
Under the juvenile offender law (L 1978, ch 481), once an order of removal is filed in a Criminal Court, the criminal action upon which the order is based is terminated. (CPL 725.10, subd 2.) Thereafter, in compliance with said order, a Family Court proceeding is originated pursuant to article 7 of the Family Court Act. (CPL 725.10, subd 1.) Consequently, it is this article 7 proceeding and this proceeding alone which now places the juvenile in jeopardy; it is the petition under subdivision 3 of section 731 of the Family Court Act and this petition alone which now constitutes the pleading to which the juvenile must respond; and it is this pleading and this pleading alone which must meet the constitutional due process standards for adult criminal defendants, as applied to juveniles by Matter of Gault (supra) and Matter of Gregory W. (supra), with such application being codified by sections 711 and 741 of the Family Court Act.
In the case at bar, the Criminal Court order of removal reads as follows: "After hearing, charge reduced to Att. Rob. Deft, to be charged with possession of a gun, Att. Rob. and Att. Larceny in that he did point a gun at c.w. and demanded money. 110/160.15 165.00 110/155.25” (emphasis added). The court finds that this order is completely lacking in the requisite clarity discussed above. At a minimum, details ought to have been furnished as to the date, time and place of the alleged incident. (See People v Fletcher Gravel Co., 82 Misc 2d 22.)
It should also be noted that since this order forms the basis of a petition under subdivision 3 of section 731 of the Family Court Act, said petition must now be read as stating: "Defendant to be charged”. The court is therefore confused whether the instant petition actually sets forth charges or merely *801 suggests charges to be set forth. It can only be assumed that respondent is equally confused.
With the foregoing decision made concerning the insufficiency of the removal order, it still must be determined if the defects in any such order were intended to be cured by the Criminal Court pleadings and proceedings accompanying same, and if, in this matter, these additional papers effect such a cure.
It is argued that since a postremoval delinquency petition is defined in subdivision 3 of section 731 of the Family Court Act as the order of removal and the pleadings and proceedings the Legislature must have intended any lack of clarity in the removal order to be corrected by the supporting documents. This construction of the statute, however, would render it not only unconstitutional, but also absurd, results which this court must avoid. (McKinney’s Cons Laws of NY, Book 1, Statutes, §§ 145, 150.) For a juvenile respondent in Family Court would be handed a morass of Criminal Court papers and be told that if the order of removal (the only document which must specify the act or acts constituting the delinquency allegations [CPL 725.05]) is unclear or vague in the constitutional sense then he ought to sift through the other documents and find what he needs, if he can. This reading of the statute would place an unconstitutional burden on respondent to notify himself as to the nature and cause of the postremoval delinquency proceeding. It would also force the court impermissibly to ignore the plain meaning of CPL 725.05 in requiring specificity in the order of removal and to construe its language as superfluous. (See McKinney’s Cons Laws of NY, Book 1, Statutes §§ 94, 231.) Instead, it is obvious to this court that the Legislature intended the order of removal to be the notice portion of a delinquency petition under subdivision 3 of section 731 of the Family Court Act. The sole purpose of having the supporting documents deemed part of the petition is to insure that the Family Court have in its files for ready access the very same papers the transferring court would have had if it had retained jurisdiction of the case. Therefore, this court finds that even if the Criminal Court pleadings and proceedings in this matter were to remedy the defective order of removal, such a remedy is not constitutionally available under the statute.
Finally, the court is sensitive to the fact that it has in this decision reviewed the sufficiency of an order of another court *802 of co-ordinate jurisdiction. However, it must be emphasized that this review is not of the qua order. Respondent does not seek to have it vacated or modified in this court as if by way of a writ of error corara nobis or an appeal. The form and content of the removal order has only been considered incidential to this court’s determination of the sufficiency of the pleadings now pending before it, which is not only a valid exercise of its authority, but also its judicial duty and obligation. If there is even an appearance that this court is reviewing the Criminal Court order, it is only because the statutory scheme of removal, which is strictly sui generis, transforms an order of one court into a pleading in another.
Accordingly, it is ordered (1) that respondent’s motion is granted; (2) that the above-captioned matter is dismissed without prejudice; and finally (3) that respondent is released from remand forthwith.