■ DELIA VENDITTI et al., Appellants, v INCORPORATED VILLAGE OF BROOKVILLE et al., Respondents. — Order of the Supreme Court, Nassau County (Robbins, J.), dated June 9, 1982, affirmed, without costs or disbursements. (See *Suffolk Housing Servs. v Town of Brookhaven*, 69 AD2d 242, app dsmd 49 NY2d 799.) Lazer, J. P., Bracken, Brown and Niehoff, JJ., concur.

■ In the Matter of the Arbitration between CNA, Respondent, and EDWARD POUGH, Appellant, et al., Respondents. — In a proceeding pursuant to CPLR 7503 (subd [b]) to stay arbitration, the appeal, as limited by appellant's brief, is from so much of a judgment of the Supreme Court, Kings County (Mirabile, J.), dated May 12, 1983, as granted the petition in part. Judgment reversed insofar as appealed from, on the law, with costs, and petition dismissed in its entirety. On or about December 2, 1982, appellant Edward Pough served a notice of intention to arbitrate upon petitioner. No action was taken by petitioner with respect to this document. Thereafter, on or about February 4, 1983, appellant served a demand for arbitration upon petitioner. By notice of petition dated February 9, 1983, petitioner applied for a stay of arbitration. Appellant opposed the application, *inter alia,* upon the ground that it was time barred. Special Term concluded that notwithstanding petitioner's failure to move for a stay of arbitration within 20 days of service of the notice of intention to arbitrate, the subsequent service of a demand for arbitration had the effect of granting petitioner an additional 20 days to apply for a stay. We disagree. CPLR 7503 (subd [c]) provides, *inter alia,* that an application to stay arbitration must be made within 20 days after service of a demand for arbitration *or a notice of intention to arbitrate.* Having failed to timely move in response to the notice of intention to arbitrate, petitioner is barred from obtaining a stay of the arbitration (see *Matter of Reynolds v Boston Old Colony Ins. Co.*, 83 AD2d 842). Titone, J. P., Mangano, O'Connor and Brown, JJ., concur.