■ In the Matter of ANDREW D., Appellant. — In a proceeding pursuant to article 7 of the Family Court Act, the appeal is from an order of disposition of the Family Court, Kings County (Esquirol, J.), dated July 19, 1982, which, upon a fact-finding determination made after a hearing that appellant had committed, *inter alia,* an act, which, if committed by an adult, would have constituted the crime of assault in the first degree, placed him with the Division for Youth for a period not to exceed 18 months. The appeal brings up

for review the fact-finding determination. Fact-finding determination modified, on the law, by reducing the finding that appellant had committed an act which, if committed by an adult, would have constituted the crime of assault in the first degree, to a finding that he had committed an act which, if committed by an adult, would have constituted the crime of assault in the second degree. As so modified, fact-finding determination affirmed, without costs or disbursements. Order of disposition reversed, on the law, without costs or disbursements, and case remitted to the Family Court, Kings County, for the holding of a new dispositional hearing. Upon removal of this proceeding to the Family Court (pursuant to CPL 180.75, subd 4), the District Attorney stated that all charges against appellant alleging commission of offenses which are "designated felony acts" (pursuant to Family Ct Act, § 712, subd [h], L 1976, ch 878, § 3; repealed and re-enacted with amendment as Family Ct Act, § 301.2, subd a, L 1982, ch 920, § 1) were being dropped. Accordingly, the petition did not contain the appellation "designated felony act petition" (Family Ct Act, § 731, subd 3; L 1978, ch 481, § 48, repealed and re-enacted with amendment as Family Ct Act, § 311.1; L 1982, ch 920, § 1). Nevertheless, the Family Court found, after a hearing, that appellant had committed an act, which, if committed by an adult, would have constituted the crime of assault in the first degree, a designated felony. The court stated that such a finding was authorized because the charge had not been removed from the felony complaint. Subdivision 3 of section 731 of the Family Court Act, in effect at the time this proceeding was commenced, mandated that a petition which alleges the commission of a designated felony be clearly marked "designated felony act petition". That the petition herein did not contain such a marking precluded a finding that appellant had committed an act which if committed by an adult, would have constituted a designated felony offense. Moreover, appellant was not on notice of the first degree assault charge. Juvenile proceedings are, at the very least, quasi-criminal in nature (*Matter of Gregory W.*, 19 NY2d 55) and juveniles are entitled to the same due process rights as adult defendants (see *Matter of Gault*, 387 US 1). A person's right to reasonable notice of a charge against him is a fundamental requisite of due process (see, e.g., *Matter of Oliver*, 333 US 257, 273; *Cole v Arkansas*, 333 US 196, 201; *De Jonge v Oregon*, 299 US 353, 362). Accordingly, the finding that appellant had committed an act which, if committed by an adult, would have constituted the crime of assault in the first degree should be modified to assault in the second degree as requested by both the appellant and Corporation Counsel. Gibbons, J. P., Bracken, Niehoff and Rubin, JJ., concur.