■ OAK BEACH et al., Appellants, v TOWN OF BABYLON et al., Respondents. — In an action, *inter alia,* to declare a stipulation of settlement null and void and to recover damages for fraud and nuisance, plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Baisley, J.), dated December 23, 1982, as (1) denied their motion for class action certification pursuant to CPLR article 9 and (2) severed their 1st, 4th, 8th, 14th, 20th, 25th and 27th causes of action. ¶ Order affirmed, insofar as appealed from, with one bill of costs to respondents appearing separately and filing separate briefs. ¶ Initially, we observe that in an effort to promote judicial economy and convenience, Special Term was well within its discretion to sever the 1st, 4th, 8th, 14th, 20th, 25th and 27th causes of action from the remaining causes of action asserted in the complaint (see CPLR 603; *Rosen v Rosen,* 78 AD2d 911). We take note that the complaint is long (117 pages), that it presents *in toto* 37 causes of action, some of which run several pages long, and that the severed causes of action in question, alleging nuisance, trespass and fraud and seeking damages, do not directly relate to the remaining causes of action specifically dealing with the stipulation of settlement. ¶ Turning to the question of class certification, we agree with Special Term's determination that this action does not present an appropriate vehicle for class action treatment. As this court has previously stated, a class action against governmental bodies and agencies is generally not the superior method for the fair and efficient adjudication of the controversy (CPLR 901, subd a, par 5), since any determination would, by virtue of the principle of *stare decisis,* be binding on the governmental body and automatically benefit all persons in the class claimed to be represented regardless of whether they were made plaintiffs in the action through the vehicle of a class action (see *Suffolk Housing Servs. v Town of Brookhaven,* 69 AD2d 242, 248-249, app dsmd 49 NY2d 799; *Venditti v Incorporated Vil. of Brookville,* 99 AD2d 510). Plaintiffs advance no sound reason for departing from this general rule (cf. *Ammon v Suffolk County,* 67 AD2d 959), and we

perceive none. This is especially true here, where virtually every person directly affected is already a plaintiff in this action, and where the causes of action remaining after severance seek, *inter alia,* to annul the stipulation, the benefit of which would inure to all town residents and taxpayers immediately and completely without institution of a class action. Titone, J. P., O'Connor, Brown and Eiber, JJ., concur.