OPINION OF THE COURT
Howard Spitz, J.
In this juvenile delinquency proceeding, respondent has moved for an order dismissing the petition filed against him or, in the alternative, the preclusion of testimony and materials into evidence as a result of the refusal of the petitioner *980 (presentment agency) to comply with a pretrial demand for interrogatories.
The presentment agency opposes the application and argues that the motion should be denied in its entirety as the Family Court Act does not provide for interrogatories in a juvenile delinquency proceeding. Countering this argument, the respondent cites Family Court Act § 165 which provides that where the method of procedure in a proceeding in which the Family Court has jurisdiction is not prescribed, the provisions of the CPLR shall apply "to the extent that they are appropriate to the proceedings involved.” He points out CPLR 3130 as to the use of interrogatories in legal actions.
A review of article 3 of the Family Court Act which governs juvenile delinquency proceedings and more particularly part 3 which deals with "discovery” is silent with respect to interrogatories. Section 330.1 only provides for the presentment agency to serve a " 'Bill of particulars’ ” after an appropriate written request from the respondent.
The issue therefore is whether the discovery provisions set forth in article 3 of the Family Court Act are dispositive on the issue of pretrial discovery and therefore preclude the utilization of interrogatories set forth in the CPLR.
CPLR 3130, which governs the use of interrogatories, clearly provides that they are available only against a party (CPLR 3130 [1]). They can be requested by any party against any other party. With the exception of a matrimonial action, a party must choose between a bill of particulars and interrogatories. As Professor Siegel states in his Practice Commentary to CPLR 3130 (McKinney’s Cons Laws of NY, Book 7B, CPLR C3130:4, at 814), the "interrogatory performs much of the mission of the bill of particulars.”
It has long been recognized that juvenile delinquency proceedings are, at the very least, quasi-criminal in nature (Matter of Gregory W, 19 NY2d 55). This is reflected in the statutes and decisions governing the rights of juveniles in juvenile delinquency proceedings, including, inter alla, the following: proof of the delinquent act must be beyond a reasonable doubt (In re Winship, 397 US 358); Miranda warnings must be given (Matter of Jose R., 35 AD2d 972); the right to remain silent (Family Ct Act § 320.3), and the right to counsel (Family Ct Act § 249). Juveniles are also granted the same due process safeguards as adult defendants (Matter of Andrew D., 99 AD2d 510). Numerous provisions of article 3 of the Family Court Act *981 are very similar to the Criminal Procedure Law. This similarity is reflected in section 330.1 of the Family Court Act ("Bill of particulars”) which is derived from CPL 200.95 ("Indictment; bill of particulars” applicable to felony cases).
Inasmuch as the CPLR provides that any party can request interrogatories from another party, allowing them in a juvenile delinquency proceeding would subject respondent to sanctions for failing to respond thereto, even though he has the constitutional right to remain silent and is not required to testify at the fact-finding hearing. Additionally, if the court were to permit interrogatories, then the presentment agency could serve interrogatories on the respondent in every juvenile delinquency proceeding. In contrast, the bill of particulars is only available to a respondent (or defendant).
It is noted that respondent has not clarified whether he seeks the interrogatories from the presentment agency (the Westchester County Attorney), to whom they were directed, or from the complainant. As to the complainant, he is only a witness in the proceeding and not a party, therefore, the use of interrogatories is unavailable against him.
Based upon all of the foregoing, this court determines that pursuant to section 165 and part 3 of article 3 of the Family Court Act ("Discovery”), interrogatories cannot be utilized in a juvenile delinquency proceeding. This conclusion is underscored by the court’s recognition that their use could potentially seriously jeopardize a respondent’s constitutional rights, including his right to remain silent (Family Ct Act § 320.3), if he was required to respond to interrogatories. The motion is therefore denied in its entirety.