■ In the Matter of JAMAL M., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Burstein, J.), dated May 9, 1991, which, upon a fact-finding order of the same court, dated December 19, 1990, made after a hearing, finding that appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, robbery in the third degree, assault in the second degree, grand larceny in the fourth degree, petit larceny, and criminal possession of stolen

property in the fifth degree, adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Division for Youth. The appeal brings up for review the fact-finding order dated December 19, 1990.

Ordered that the dispositional order is modified, on the law, by vacating the provisions finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of robbery in the third degree, assault in the second degree, and petit larceny, and dismissing those counts of the petition; as so modified, the order of disposition is affirmed, without costs or disbursements, and the fact-finding order is modified accordingly.

On October 5, 1990, the appellant ran past the complainant in the street and grabbed her handbag out of her hand. In the process, the complainant's finger, which was caught in the strap of the bag, was injured.

The appellant contends that a finding of robbery in the second degree was unwarranted because there was insufficient proof that the appellant forcibly took the handbag or that the complainant suffered physical injury *(see,* Penal Law § 120.05 [6]).

We disagree. This was not a situation where the appellant attempted to silently and surreptitiously steal the victim's handbag without the victim even being aware of the theft. The circumstances of the crime demonstrate that appellant clearly intended to take the handbag with sufficient force so as to overcome any resistance by the owner to retain the item *(see, People v Chessman,* 75 AD2d 187; *People v Santiago,* 48 NY2d 1023, *affg* 62 AD2d 572).

In addition, the complainant's testimony that she had limited use of the injured finger, more than two months after the incident, was sufficient to support a finding of physical injury within the meaning of the statute *(see, People v Greene,* 70 NY2d 860; *People v Talibon,* 138 AD2d 426).

However, since the appellant was found to have committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, and grand larceny in the fourth degree, the counts of the petition charging robbery in the third degree, assault in the second degree *(see,* Penal Law § 120.05 [6]), and petit larceny, should have been dismissed as lesser included offenses *(cf.,* CPL 1.20 [37]; 300.40 [3] [b]; 300.50 [4]; *see also, People v Tuma,* 119 AD2d 606).

We have considered the appellant's remaining contentions and find them to be without merit. Lawrence, J. P., Copertino, Pizzuto and Santucci, JJ., concur.