■ In the Matter of KARRIEM E., a Person Alleged to be a Juvenile Delinquent, Appellant. [614 NYS2d 575] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Esquirol, J.), dated May 28, 1991, which, upon a fact-finding order of the same court, dated May 9, 1991, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of robbery in the first degree and robbery in the second degree (two counts), adjudged him to be a juvenile delinquent and placed him with the Division for Youth, Title III, for a period of 18 months. The appeal brings up for review the fact-finding order dated May 9, 1991.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contentions, the evidence adduced at the fact-finding hearing was legally sufficient to establish the appellant's intentional participation in the robbery and that one of the participants displayed what appeared to be a firearm.

At the hearing, witnesses testified that the appellant was one of three individuals who accosted the complainants on a subway platform, and that the appellant aided his accomplices during the course of the robbery by restraining the complainants both physically and with menacing words and actions. The robbery was open and obvious to all the participants, and the assailants fled the scene together. This evidence was legally sufficient to establish the appellant's intentional participation in the robbery (see, Penal Law § 20.00; *Matter of Juan J.*, 81 NY2d 739; *Matter of Daniel F.*, 200 AD2d 571; *People v Brooks*, 155 AD2d 680).

Furthermore, during the course of the robbery, one of the appellant's accomplices reached up under his shirt, grabbed an object, and held it against a complainant's body while simultaneously threatening to shoot him. The accomplice's action of holding a hard object against the complainant's waist, when viewed in combination with his threat to shoot, was clearly sufficient to bring the act within the statutory requirement that one of the participants display what appears to be a firearm (see, Penal Law § 160.15 [4]; *People v Lopez*, 73 NY2d 214; *People v Weatherly*, 144 AD2d 509; *People v Smith*, 142 AD2d 619).

Finally, contrary to the appellant's contention, we find that the order which removed the case from the Criminal Court to the Family Court pursuant to CPL article 725 was marked sufficiently so as to indicate that he was being charged with designated felony offenses, and, indeed, the appellant makes no claim that he was not on notice or was unaware that designated felony charges were pending against him (cf., *Matter of Andrew D.*, 99 AD2d 510; Family Ct Act § 311.1 [5]). Bracken, J. P., Altman, Krausman and Goldstein, JJ., concur.