■ In the Matter of VLADIMIR M., a Person Alleged to be a Juvenile Delinquent, Appellant. [614 NYS2d 572] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Martinez-Perez, J.), dated June 9, 1992, which upon a fact-finding order of the same court dated April 29, 1992, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of robbery in the first degree, robbery in the second degree (two counts), robbery in the third degree, menacing, and petit larceny, adjudged him to be a juvenile delinquent, and conditionally discharged him. The appeal brings up for review the fact-finding order dated April 29, 1992.

Ordered that the order of disposition is reversed, on the law,

without costs or disbursements, the fact-finding order is vacated, the count of the petition charging robbery in the first degree is dismissed, and the matter is remitted to the Family Court, Kings County, for further proceedings.

Contrary to the appellant's contentions, we find that the evidence adduced by the presentment agency was legally sufficient to sustain the charges and that the court's determination was in accord with the weight of the evidence *(see, Matter of Daniel F.,* 200 AD2d 571; *Matter of Aida S.,* 189 AD2d 818; *Matter of Emerson D.,* 189 AD2d 712). Nevertheless, we reverse the order of disposition and remit this matter for new fact-finding and dispositional hearings as the appellant was deprived of a fair fact-finding hearing.

The complaining witness exhibited a very limited ability to speak English. He did not testify at the *Wade* hearing, but a Creole interpreter was present. On the first day of the fact-finding hearing, however, the interpreter was absent. Over the Law Guardian's objection, the court conducted the hearing without an interpreter. The complainant's direct testimony was very difficult to understand and was, at points, incomprehensible. At the conclusion of the complainant's direct examination, the interpreter appeared. The Law Guardian requested an adjournment to review a transcript of the complainant's testimony. The court denied this request, and the Law Guardian declined to cross-examine the complainant.

Although the complainant's testimony was sufficient to establish the appellant's commission of acts which would have constituted the crimes charged, the language barrier, which was exacerbated by the Family Court's refusal to wait for the interpreter, effectively precluded any meaningful opportunity by the Law Guardian to cross-examine the sole complaining witness againt her client *(see, People v Fogel,* 97 AD2d 445; *see also, People v Pizzali,* 159 AD2d 652). Accordingly, a new fact-finding hearing is required.

We also note that the petition was not prominently marked "designated felony act petition", as required by Family Court Act § 311.1 (5). Accordingly, the charge of robbery in the first degree *(see,* Family Ct Act § 301.2 [8]) must be dismissed *(see, Matter of Andrew D.,* 99 AD2d 510). Bracken, J. P., Miller, Copertino and Hart, JJ., concur.