■ In the Matter of MARC S., a Person Alleged to be a Juvenile Delinquent, Appellant. [621 NYS2d 901] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeals are from (1) an order of disposition of the Family Court, Kings County (Palmer, J.), dated March 29, 1993, under Docket No. D10439/92, which, upon a fact-finding order of the same court, dated October 30, 1992, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of burglary in the third degree and attempted petit larceny, adjudged him to be a juvenile delinquent and placed him on probation for a period of 12 months, and (2) an order of disposition of the same court (Esquirol, J.), also dated March 29, 1993, under Docket No. E1949/92, which, upon the fact-finding order dated October 30, 1992, under Docket No. D10439/92, vacated an order of the same court, dated May 14, 1992, adjourning the petition in contemplation of dismissal, found that the appellant had violated a condition imposed by the order dated May 14, 1992, adjudged him to be a juvenile delinquent, and placed him on probation for a period of 12 months. The appeals bring up for review the fact-finding order dated October 30, 1992.

Ordered that the order of disposition under Docket No. D10439/92 is reversed, on the law, without costs or disbursements, the fact-finding order thereunder dated October 30, 1992, is vacated, and the petition is dismissed; and it is further,

Ordered that the order of disposition under Docket No. E1949/92, is reversed, on the law, without costs or disbursements, the order dated May 14, 1992, is reinstated, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.

As conceded by the presentment agency on appeal, the order of disposition under Docket No. D10439/92 must be reversed and the petition dismissed because the petition is jurisdictionally defective. It lacks sufficient nonhearsay allegations to support the crimes charged (see, Matter of Detrece H., 78 NY2d 107).

As a result, the order of disposition under Docket No. E1949/92 must also be reversed. In reaching its determination that the appellant had violated a condition of the order dated May 14, 1992, adjourning the petition in contemplation of dismissal the only evidence before the court was the fact-finding order dated October 30, 1992, under Docket No. D10439/92, which we now reverse. Thus, the fact-finding order cannot be used as the basis of the Family Court's finding that the appellant had violated a condition of the order dated May 14, 1992. The matter under Docket No. E1949/92 is, therefore, remitted to the Family Court, Kings County, for a hearing to determine if the appellant violated a condition of the order dated May 14, 1992, adjourning the petition in contemplation of dismissal (see, Matter of Vladimir M., 206 AD2d 482). Miller, J. P., O'Brien, Thompson, Santucci and Joy, JJ., concur.