■ In the Matter of WARREN W., a Person Alleged to be a Juvenile Delinquent, Appellant. [629 NYS2d 28] —Order, Family Court, New York County (Judith Sheindlin, J.), entered on or about October 19, 1993, which adjudicated appellant a juvenile delinquent and placed him with the Division for Youth for a period of 5 years, the first 18 months of which were to be served in a secure facility and with no credit for the time spent in detention prior to disposition, unanimously modified, on the law, to strike the designated felony act marking and to reduce the period of placement to 18 months with a credit of 173 days for time served, and otherwise affirmed, without costs.

Appellant, then 15 years old, was indicted for second degree robbery. After jury trial in the Supreme Court, appellant was found guilty, but of an act that did not render him criminally responsible as a juvenile offender. Accordingly, the Supreme Court, pursuant to CPL 310.85, vacated the guilty verdict, replaced it with a juvenile delinquency fact-finding determination, and ordered the case removed to the Family Court for further proceedings pursuant to CPL 725.05.

The Family Court placed appellant with the Division for Youth for a period of 5 years (with the first 18 months in a secure facility), upon determining that he had committed a designated felony act as defined in Family Court Act § 301.2 (8) (vi), and then applying the disposition set out in Family Court Act § 353.5 (6). The court also denied appellant credit for time served in detention from the time of his arrest until the date of disposition. Both of these determinations were in error, however, and we modify the order of disposition accordingly.

Family Court Act § 311.1 (5) reads, in pertinent part: "If the petition alleges that the respondent committed a designated felony act, it shall so state, and the term 'designated felony act petition' shall be prominently marked thereon. Certified copies of prior delinquency findings shall constitute sufficient proof of such findings for the purpose of filing a designated felony petition."

In cases which are removed from the Supreme Court, Family Court Act § 311.1 (7) provides, in pertinent part: "When an order of removal pursuant to article seven hundred twenty-five of the criminal procedure law is filed with the clerk of the court, such order and those pleadings and proceedings, other than the minutes of any hearing inquiry or trial, grand jury proceeding, or of any plea accepted or entered, held in this action that has not yet been transcribed shall be transferred with it and shall be deemed to be a petition filed pursuant to subdivision one of section 310.1 containing all of the allega-

tions required by this section notwithstanding that such allegations may not be set forth in the manner therein prescribed. *Where the order or the grand jury request annexed to the order specifies an act that is a designated felony act, the clerk shall annex to the order a sufficient statement and marking to make it a designated felony act petition."* (Emphasis added.)

It can be seen from the language above that both sections require that the petition be prominently marked as containing an allegation that the juvenile committed a designated felony act. The petition in this case was not so marked. Nor did the presentment agency attach to the petition certified copies of the prior delinquency findings it was relying upon to convert the ordinary felony act into a designated felony act. The failure to mark the petition "designated felony act petition" precludes a finding that appellant committed an act which, if committed by an adult, would have constituted a designated felony offense (*Matter of Andrew D.*, 99 AD2d 510; *see also*, *Matter of Vladimir M.*, 206 AD2d 482, 483). Accordingly, the designated felony finding in this case must be stricken and the period of placement reduced to 18 months in accordance with Family Court Act § 353.3 (5).

While the presentment agency maintains that the motion to strike the designated felony marking was untimely, its reliance on Family Court Act § 332.2 (1), which states that "all pretrial motions shall be filed within thirty days after the conclusion of the initial appearance and before commencement of the fact-finding hearing", is misplaced. The trial that led to the fact-finding determination took place in the Supreme Court before the matter was transferred to the Family Court. Moreover, appellant objected to the designated felony charge at the first hearing date in the Family Court. Finally, a valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite in a delinquency proceeding (*Matter of David T.*, 75 NY2d 927, 929).

While the certified copies of prior delinquency findings were also not included with the petition, appellant's record was contained within the papers and pleadings referred from the Supreme Court, all of which were deemed a petition. Since this record reflected appellant's prior criminal history, the petition was not jurisdictionally defective in this regard (*cf., Matter of Jahron S.*, 79 NY2d 632).

In addition, appellant served 173 days prior to removal of the case to the Family Court and 84 days after the case was transferred. He was denied credit for the time previously

served. While the Family Court may, in its discretion, deny a juvenile credit for time served (Family Ct Act § 353.5 [4] [a] [i]), the 173-day period served by appellant was in connection with the criminal case, where defendants receive credit for all time spent in custody prior to sentencing (Penal Law § 70.30 [3]). In Family Court, the juvenile is either detained or released; bail is not a consideration (Family Ct Act § 320.5). Had appellant, however, been able to post the bail, he would not have been incarcerated for the 173 days awaiting trial in Supreme Court. Accordingly, appellant is entitled to 173 days of credit for time served, under the circumstances.

The other issues raised by appellant are unnecessary to our determination and need not be addressed. Concur—Ellerin, J. P., Kupferman, Rubin and Nardelli, JJ.