■ In the Matter of Simone J., a Person Alleged to be a Juvenile Delinquent, Appellant. Corporation Counsel of the City of New York, Respondent. [629 NYS2d 27] —Order of disposition, Family Court, New York County (Judith Sheindlin, J.), entered April 14, 1994, which adjudicated appellant a juvenile delinquent and placed her with the New York State Division for Youth for a period not to exceed eighteen months, following a fact-finding determination that appellant had committed an act, which if committed by an adult, would have constituted the crime of robbery in the second degree, unanimously affirmed, without costs.

"It is well settled that in order to hold an alleged accessory liable for the crime committed by the principal actors, the People must establish, beyond a reasonable doubt, that the alleged accessory possessed the mental culpability necessary to commit the crime charged, i.e., in this case robbery in the second degree, and that in furtherance thereof, [s]he solicited, requested, commanded, importuned or intentionally aided the principals". (*People v White*, 178 AD2d 452, 453.) Contrary to appellant's claims, the evidence, when considered in the light most favorable to the presentment agency (*cf.*, *People v Contes*, 60 NY2d 620, 621), was sufficient to support a finding of robbery in the second degree based on an acting in concert theory. The complainant testified that he was repeatedly kicked and punched by a group of youths which included appellant while one of the boys in the group removed the complainant's vest. Moreover, the victim's companion, who witnessed the incident, testified that "everybody took [the complainant's] coat and started kicking him" and that appellant kicked the complainant and hit him in the knee with a cane. Thus, the testimony establishes that appellant aided the principal actors during the robbery by punching and kicking the complainant, which served to overcome the complainant's resistance to the robbery (*Matter of Karriem E.*, 206 AD2d 476). Knowledge that a robbery was occurring is properly imputed to appellant since her conduct occurred simultaneously with the robbery (*Matter of Juan J.*, 81 NY2d 739, *affg* 180 AD2d 495, 497; *Matter of Daniel F.*, 200 AD2d 571; *Matter of Karriem E.*, *supra*).

While appellant contends that there were discrepancies between the testimony of the complainant and his friend, any alleged differences in testimony were properly placed before the

fact-finder for resolution. We do not find that the verdict was against the weight of the evidence. Concur—Rosenberger, J. P., Kupferman, Asch, Nardelli and Mazzarelli, JJ.