■ In the Matter of DAVID M., a Person Alleged to be a Juvenile Delinquent, Appellant. ROBERT T. JOHNSON, Respondent. [645 NYS2d 302] —Order, Family Court, Bronx County (Susan R. Larabee, J.), entered April 10, 1995, committing respondent-appellant to the supervision of the New York State Division for Youth for a period of three years, the first twelve months to be spent in a secure facility, and the second twelve months in a residential facility, after finding that he committed acts which, if committed by an adult, would have constituted the crimes of rape in the first degree, sexual abuse in the first degree and unlawful imprisonment in the first degree, modified on the law, without costs, to the extent of vacating the finding that respondent-appellant committed a designated felony act, substituting a finding that appellant committed acts that would constitute rape in the third degree and remanding the matter to the Family Court for a new dispositional hearing.

The Legislature has provided that when proceedings brought against a juvenile charge conduct that constitutes a designated felony act, if the proceeding is commenced in a court of criminal jurisdiction and then transferred to the Family Court, the transfer order, pleadings, and other documents may be collectively deemed to constitute the Family Court petition, regardless of their form, but that "the clerk shall annex to the order a sufficient statement and marking to make it a designated felony act petition" (Family Ct Act § 311.1 [7]). The failure to make such a marking precludes a finding that a juvenile committed an act which would otherwise constitute a designated felony offense (see, Matter of Warren W., 216 AD2d 225; Matter of Andrew D., 99 AD2d 510; see also, Matter of Vladimir M., 206 AD2d 482). A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite in a delinquency proceeding (Matter of David T., 75 NY2d 927, 929), and thus may be raised for the first time on appeal.

David M. was arrested on November 1, 1994 and arraigned the next day on a felony complaint in Criminal Court, Bronx County. He was charged with first-degree rape, first-degree sexual abuse and first-degree unlawful imprisonment. On November 7, 1994, the appellant's criminal proceeding was removed pursuant to CPL article 725 to Family Court, Bronx

County. None of the documents which constituted the removal petition expressly stated "Designated Felony Act Petition." David M. was detained at Spofford Juvenile Detention Center from the date of his arrest through the removal of his case to Family Court and until disposition of his case on April 10, 1994.

We are unpersuaded by the People's contention that the use of the letter "E" in the docket number assigned to this matter upon the transfer to Family Court adequately complied with the dictates of Family Court Act § 311.1 (7) that the transferred pleadings inform the accused juvenile that the petition is alleging a designated felony act (*see, Matter of Warren W., supra; Matter of Andrew D., supra*). While the use of a particular nomenclature, here, the letter "E", is of some meaning to those limited individuals who are privy to the coding system employed by court clerks in assigning docket numbers, clearly the Legislature intended that the Family Court petition be marked in such a way that the juvenile will know of the " 'accusation' * * * which remains outstanding * * * after removal" (*Matter of Eric K.*, 100 Misc 2d 796, 799; *see also, Matter of Andrew D.*, 99 AD2d 510, 511, *supra* [holding that where petition lacked a clear marking of "designated felony act petition" as required by precursor to Family Ct Act § 311.1 (7) (i.e., Family Ct Act former § 731 [3]), court erred in finding a designated felony act based on fact that felony charge was indicated on felony complaint]). Here, the petition was not marked in a way that adequately communicated the statutorily required information to appellant. Given the absence of a marking that complies with the dictates of the statute, the Family Court erred in finding that David M. committed the designated felony act of Family Court Act § 301.2 (8) (ii), and the finding therefore must be vacated and a finding that David M. committed an act which amounts to third-degree rape (Penal Law § 130.25 [1]) substituted.

We remand for a new dispositional hearing, and note that, under the circumstances, appellant should have been credited for the seven days that he was detained at Spofford Juvenile Detention Center in connection with the criminal court case while being held in lieu of bail on the felony complaint then pending in criminal court (*see, Matter of Warren W., supra*). Concur—Sullivan, J. P., Milonas, Rosenberger and Mazzarelli, JJ.

Kupferman, J., dissents in a memorandum as follows: Once again, this Court exhalts form over substance so that a person who committed a heinous crime has the charge against him reduced.

Appellant was arraigned on a felony complaint of rape in the first degree, sexual abuse in the first degree and unlawful imprisonment in the first degree. The matter was then removed to the Family Court. Family Court Act § 311.1 (7) states that the pleadings and proceedings shall be transferred with the order of removal and "shall be deemed to be a petition filed pursuant to subdivision one of section 310.1 containing all of the allegations required by this section nothwithstanding that such allegations may not be set forth in the manner therein prescribed."

There was accordingly sufficient compliance with the designation so that the appellant was apprised of the crimes which he had committed. Nothing further was necessary.