■ In the Matter of CHARMAINE J., Appellant. [654 NYS2d 606] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Lubow, J.), dated March 13, 1995, which, upon a fact-finding order of the same court, dated February 21, 1995, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, robbery in the third degree, grand larceny in the fourth degree, criminal possession of stolen property in the fifth degree, and attempted assault in the third degree, adjudged her to be a juvenile delinquent and placed her with the New York State Division for Youth for a period of 18 months. The appeal brings up for review the fact-finding order dated February 21, 1995.

Ordered that the order of disposition is modified, on the law, by vacating the provision thereof which adjudicated the appellant a juvenile deliquent based upon the finding that the appellant had commited an act which, if committed by an adult, would have constituted the crime of robbery in the third degree, and dismissing that charge of the petition; as so modified, the order of disposition is affirmed, without costs or disbursements, and the fact-finding order is modified accordingly.

Contrary to the appellant's contention, both the petition and the complainant's deposition contain nonhearsay allegations establishing each element of the crimes charged. The complain-

ant alleged in her deposition that the appellant and four or five others grabbed her, pulled her hair, punched her, and ripped a bracelet from her arm *(see, Matter of Eric R.,* 213 AD2d 310).

Viewed in the light most favorable to the Presentment Agency, the evidence adduced at the fact-finding hearing was legally sufficient to establish the appellant's guilt beyond a reasonable doubt *(cf., People v Contes,* 60 NY2d 620). Nor was the evidence factually insufficient *(see, Matter of Michael D.,* 66 NY2d 843; *cf., People v Bleakley,* 69 NY2d 490). Nevertheless, and as the Presentment Agency rightly concedes, robbery in the third degree is a lesser included offense of robbery in the second degree, and therefore the charge that the appellant commited an act which, if committed by an adult, would have constituted that crime, is dismissed *(see, Matter of Jamal M.,* 187 AD2d 654).

The appellant's remaining contentions are either without merit or unpreserved for appellate review. Thompson, J. P., Santucci, Friedmann and Luciano, JJ., concur.