■ In the Matter of TONIA B., a Person Alleged to be a Juvenile Delinquent, Appellant. [658 NYS2d 91] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Lubow, J.), dated April 18, 1996, which, upon a fact-finding order of the same court, dated March 25, 1996, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, robbery in the third degree, grand larceny in the fourth degree, and petit larceny, adjudged her to be a juvenile delinquent and placed her with the New York State Division for Youth for a period of eighteen months. The appeal brings up for review the fact-finding order dated March 25, 1996.

Ordered that the order of disposition is modified, on the law, by deleting the provisions thereof which adjudicated the appellant a juvenile delinquent based upon the finding that she committed acts which, if committed by an adult, would have constituted the crimes of robbery in the third degree and petit larceny, and substituting therefor a provision dismissing those counts of the petition; as so modified, the order of disposition is affirmed, without costs or disbursements, and the fact-finding order is modified accordingly.

The appellant's contention that the evidence adduced at the fact-finding hearing was legally insufficient to establish her guilt beyond a reasonable doubt is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the presentment agency and according it the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932; *Matter of William A.,* 219 AD2d 494, 495), we find that it was legally sufficient to establish the appellant's guilt beyond a reasonable doubt *(see, Matter of Anthony C.,* 155 AD2d 537, 538). Moreover, upon the exercise of our factual review power, we are satisfied that the Family Court's fact-

finding decision was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Nonetheless, and as the presentment agency correctly concedes on appeal, both robbery in the third degree and petit larceny are lesser included offenses of robbery in the second degree *(see, Matter of Charmaine J.,* 236 AD2d 474; *Matter of Jamal M.,* 187 AD2d 654, 655; *People v Ceballos,* 98 AD2d 475, 478). Accordingly, upon the finding of guilt as to the greater count (robbery in the second degree), the lesser counts (robbery in the third degree and petit larceny) should have been dismissed *(see,* CPL 300.40 [3] [b]; *Matter of Charmaine J., supra; Matter of Jamal M., supra).* O'Brien, J. P., Goldstein, McGinity and Luciano, JJ., concur.