■ In the Matter of RODERICK J., Appellant. [663 NYS2d 862] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Berman, J.), entered May 10, 1996, which, upon a fact-finding order of the same court, entered March 29, 1996, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crimes of robbery in the second degree, robbery in the third degree, petit larceny, criminal possession of stolen property in the fifth degree, aggravated harassment in the second degree, and menacing in the third degree, adjudged him to be a juvenile delinquent and placed him with the New York State Division for Youth for 18 months. The appeal brings up for review the fact-finding order and the denial, after a hearing, of that branch of the appellant's omnibus motion which was to suppress identification testimony.

Ordered that the order of disposition is modified, as a matter of discretion in the interest of justice, by deleting the provision thereof which adjudicated the appellant a juvenile delinquent based upon the finding that he committed acts which, if committed by an adult, would have constituted the crimes of robbery in the third degree and petit larceny and substituting therefor a provision dismissing those counts of the petition; as so modified, the order of disposition is affirmed, without costs

or disbursements, and the fact-finding order is modified accordingly.

The appellant contends that the petition was insufficient and that the presentment agency failed to prove that he was guilty of robbery in the second degree. However, the complainant's deposition accompanying the petition sufficiently alleged, and the trial evidence, viewed in the light most favorable to the presentment agency (*cf., People v Contes,* 60 NY2d 620), demonstrated that the appellant and five others pushed and threatened to stab the complainant cashier at a candy store, that they stuffed their pockets with items from the shelves, and left the store with the items without paying for them (*see,* Family Ct Act § 311.2; Penal Law § 160.10). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The appellant's contention that the showup procedure was improper is without merit. Considering the complainant's identification of the appellant not more than an hour after the incident and within one and one-half blocks from the crime scene, the showup procedure was within acceptable boundaries (*see, People v Brian D.,* 237 AD2d 355; *People v Thompson,* 215 AD2d 604).

However, the counts of robbery in the third degree and petit larceny are lesser-included offenses of the greater count of robbery in the second degree, and are dismissed (*see, Matter of Tonia B.,* 239 AD2d 572; *Matter of Shaneeka M.,* 238 AD2d 594; *Matter of Charmaine J.,* 236 AD2d 474; *Matter of Jamal M.,* 187 AD2d 654).

The appellant's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Ritter, Krausman and Florio, JJ., concur.