■ In the Matter of JOSE M., a Person Alleged to be a Juvenile Delinquent, Appellant. [666 NYS2d 177] —Order of disposition, Family Court, Bronx County (Susan Larabee, J.), entered on or about October 2, 1996, which adjudicated appellant a juvenile delinquent, following a fact-finding determination that he committed acts, which if committed by an adult, would con-

stitute the crimes of robbery in the first degree, attempted robbery in the first degree, two counts of robbery in the second degree, robbery in the third degree, assault in the second degree, assault in the third degree, criminal possession of a weapon in the fourth degree and criminal possession of stolen property in the fifth degree, and placed him with the New York State Division for Youth, in a secure facility, for a period of 3 years, unanimously modified, on the law, to the extent of vacating the finding that appellant committed the designated felony acts of robbery in the first degree and robbery in the second degree (Penal Law § 160.10 [2] [a]), striking the marking "designated felony acts" as to the counts of assault in the second degree and robbery in the second degree (Penal Law § 160.10 [1]), and remanding the matter to the Family Court for a new dispositional hearing, and otherwise affirmed, without costs.

When appellant's proceeding was removed to Family Court, the petition was expressly marked "Designated Felony" as required by Family Court Act § 311.1 (7). However, since the copy furnished to appellant did not bear the required marking due to an error in copying, it was jurisdictionally defective for failing to lawfully notify him of the charges outstanding after removal, precluding the Family Court from finding that he committed the designated felony acts of robbery in the first degree and robbery in the second degree (Penal Law § 160.10 [2] [a]; *see, Matter of David M.*, 229 AD2d 345; *Matter of Warren W.*, 216 AD2d 225). In view of the jurisdictional nature of the defect, we find the People's arguments addressed to actual notice and waiver to be without merit.

Since the documents furnished with the petition only indicated that appellant had previously committed acts, which if committed by an adult, would constitute the crimes of criminal possession of a controlled substance in the fifth and seventh degrees, the counts of assault in the second degree and robbery in the second degree (Penal Law § 160.10 [1]) were improperly included as designated felony acts (*see*, Family Ct Act § 301.2 [8] [v], [vi]). Concur—Milonas, J. P., Rosenberger, Rubin, Williams and Colabella, JJ.