■ In the Matter of WILLIAM B., a Person Alleged to be a Juvenile Delinquent, Appellant. [669 NYS2d 209] —Order of disposition, Family Court, Bronx County (Stewart Weinstein, J.), entered on or about December 5, 1994, which, upon a jury verdict, convicted appellant of murder in the second degree, following an order of removal of Supreme Court, Bronx County (John Moore, J.), adjudicating respondent a juvenile delinquent and placing him with the Division for Youth for a period of 5 years, a minimum of 18 months of which were to be served in a secure facility with no credit for the time spent in detention in connection with the related criminal case, unanimously affirmed, without costs.

The trial court accorded defendant sufficient latitude for inquiry into possible drug use by a prosecution witness (*see, People v Melcherts*, 225 AD2d 357, *lv denied* 88 NY2d 881).

The trial court properly admitted testimony that appellant had stated, before the robbery occurred, that he planned to rob a Pepsi truck. This statement was neither vague nor remote, and was highly probative. Appellant's challenge to a portion of his admission made after the crime is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the challenged portion was properly admitted as explanatory of the other portion (*cf., People v Ventimiglia*, 52 NY2d 350, 360-361).

We find that, under the circumstances, the Family Court appropriately concluded that crediting appellant with time served spent on remand status in Supreme Court "would not serve * * * the need for protection of the community" (Family Ct Act § 353.5 [4] [a] [i]; *compare, Matter of Warren W.*, 216 AD2d 225, 227).

We have considered appellant's remaining contention and find it to be without merit. Concur—Ellerin, J. P., Nardelli, Wallach, Rubin and Tom, JJ.