OPINION OF THE COURT
Fran L. Lubow, J.
This written decision and order follows an oral decision and order placed on the record in open court on October 18, 1999, which denied respondent’s motion which sought to have the court dismiss the designated felony counts in the instant peti *476 tion on the ground that that fact is not prominently displayed on the petition.
By order of removal to Family Court pursuant to CPL article 725 and CPL 180.75 (4) the Criminal Court transferred what were juvenile offender charges against respondent, i.e., Penal Law § 160.15 (4), robbery in the first degree, an armed felony offense; § 160.15 (3), robbery in the first degree; and § 160.10 (1), robbery in the second degree (2 counts), to the Family Court, respondent being 14 years old at the time of the offense.
Respondent was arraigned in Family Court on these charges on September 1, 1999 by the Queens County District Attorney’s Office under the instant “E” docket number pursuant to article 3 of the Family Court Act. The “E” prefix to the docket number signifies that the charges are being prosecuted as a “designated felony” petition. (Uniform Rules for Trial Cts [22 NYCRR] § 205.7 [b].)
Moreover, the petition itself, which is comprised of the order of removal, the felony complaint and supporting deposition is accompanied by the Family Court Clerk’s designation that this case will be prosecuted as a designated felony. Not only is this petition jurisdictionally sound wherein each and every necessary element of every crime charged is supported by nonhearsay sworn factual allegations, and not only are the degrees of crimes charged when considered along with respondent’s age at the time of the alleged criminal acts consistent with the definition of designated felony acts, but the Clerk did “ ‘annex to the order a sufficient statement and marking to make it a designated felony petition’ ” (Family Ct Act § 3.11.1 [7], as quoted in Matter of David M., 229 AD2d 345 [emphasis added]).
Respondent acknowledges receiving this statement as part of the petition in his own moving papers, therefore he had notice, and the legislative intent “that the Family Court petition be marked in such a way that the juvenile will know of the ‘ “accusation” * * * which remains outstanding * * * after removal’ (Matter of Eric K., 100 Misc 2d 796, 799 * * * )” has been satisfied. (Supra, at 346.) Indeed this application was not made in respondent’s first omnibus motion, but was made in a subsequent written motion.
“It defies common sense and the clearly expressed intent of the Legislature that such papers should be deemed to be an incurable jurisdictionally deficient petition.” (Matter of Desmond J., 246 AD2d 111, 117 [2d Dept 1998], affd 93 NY2d 949.)
*477 Considered in its totality “the petition” upon which this respondent was arraigned in Family Court satisfies all of the legal requirements of article 3.
Wherefore, the motion to dismiss is denied in its entirety.