■ In the Matter of STEPHAN F., a Person Alleged to be a Juvenile Delinquent, Appellant. [712 NYS2d 49] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal, as limited by the appellant's brief, is from so much of an order of disposition of the Family Court, Queens County (Fitzmaurice, J.), dated November 12, 1998, as, upon a fact-finding order of the same court, dated October 2, 1998, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of robbery in the first degree, adjudged him to be a juvenile delinquent. The appeal brings up for review so much of the fact-finding order dated October 2, 1998, as found that the appellant had committed the crime of robbery in the first degree.

Ordered that the order of disposition is reversed insofar as appealed from, on the law, without costs or disbursements, so much of the order as adjudicated the appellant a juvenile delinquent based upon the finding that he had committed an act which, if committed by an adult, would have constituted the crime of robbery in the first degree is vacated, that charge of the petition is dismissed, and the fact-finding order is modified accordingly.

The appellant was originally charged in a felony complaint

with, *inter alia*, robbery in the first degree. The case was subsequently removed to the Family Court. Although robbery in the first degree is a designated felony act (*see,* Family Ct Act § 301.2 [8] [ii]), the order of removal and transferred documents did not include "a sufficient statement and marking to make [them] a designated felony act petition" as required by Family Court Act § 311.1 (7). The Family Court denied the Law Guardian's motion to dismiss the charge of robbery in the first degree and, after a hearing, found that the appellant had committed acts which would have constituted the crimes of robbery in the first degree (*see,* Penal Law § 160.15 [3]) and robbery in the second degree (*see,* Penal Law § 160.10 [1]), which is not a designated felony act (*see,* Family Ct Act § 301.2 [8]). On appeal, the appellant challenges only the finding that he committed the crime of robbery in the first degree. He does not contest the finding that he committed the crime of robbery in the second degree, or that portion of the dispositional order which placed him with the New York State Office of Children and Family Services.

As the presentment agency correctly concedes, the failure to include a "sufficient statement and marking to make [the transferred documents] a designated felony act petition" (Family Ct Act § 311.1 [7]) precluded a finding that the appellant committed an act which would have constituted the crime of robbery in the first degree (*see, Matter of David M.,* 229 AD2d 345; *Matter of Andrew D.,* 99 AD2d 510; *see also,* Family Ct Act § 311.1 [5]; *Matter of Vladimir M.,* 206 AD2d 482). Consequently, that finding must be vacated and the charge of robbery in the first degree must be dismissed (*see, Matter of Vladimir M., supra*). Contrary to the presentment agency's contention, the charge cannot be reduced to robbery in the third degree because robbery in the third degree is a lesser-included offense of robbery in the second degree (*see, Matter of Tonia B.,* 239 AD2d 572, *cert denied* 524 US 917; *Matter of Charmaine J.,* 236 AD2d 474). Santucci, J. P., Altman, Friedmann and McGinity, JJ., concur.