■ In the Matter of EDUARDO D.-B., a Person Alleged to be a Juvenile Delinquent, Appellant. [794 NYS2d 122]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from (1) an order of disposition of the Family Court, Orange County (Kiedaisch, J.), dated May 10, 2004, which, upon a fact-finding order of the same court dated March 17, 2004, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree and robbery in the third degree, and upon a decision of the same court dated April 19, 2004, adjudged him to be a juvenile delinquent and placed him on probation for a period of two years, and (2) an order of protection of the same court dated April 19, 2004.

Ordered that the notice of appeal from the decision is deemed to be a premature notice of appeal from the order of disposition (*see* CPLR 5520 [c]); and it is further,

Ordered that the appeal from the order of protection is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the order of disposition dated May 10, 2004, is modified, on the law, by deleting the provision thereof adjudicating the appellant a juvenile delinquent based upon the finding that he committed acts which, if committed by an adult, would have constituted the crime of robbery in the third degree, and substituting therefor a provision dismissing that count of the petition; as so modified, the order of disposition is affirmed, without costs or disbursements, and the fact-finding order is modified accordingly.

Viewing the evidence in the light most favorable to the presentment agency and according it the benefit of every reasonable inference (*see Matter of Tonia B.*, 239 AD2d 572 [1997]), we find that it was legally sufficient to establish that the appellant

committed acts which, if committed by an adult, would have constituted the charged offenses. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions for the trier of fact, which saw and heard the witnesses (*see Matter of Isiah S.*, 15 AD3d 587 [ 2005]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see Matter of Kyle O.*, 205 AD2d 541 [1994]). Upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (*cf.* CPL 470.15 [5]).

However, as the presentment agency correctly concedes, since the appellant was found to have committed acts which, if committed by an adult, would have constituted the crime of robbery in the second degree, the count of the petition charging robbery in the third degree should have been dismissed as a lesser-included offense (*see* CPL 1.20 [37]; 300.40 [3] [b]; *Matter of Stephan F.*, 274 AD2d 584 [2000]; *Matter of Roderick J.*, 243 AD2d 713 [1997]; *Matter of Tonia B., supra; Matter of Shaneeka M.*, 238 AD2d 594 [1997]; *Matter of Charmaine J.*, 236 AD2d 474 [1997]; *Matter of Jamal M.*, 187 AD2d 654 [1992]).

The appellant's remaining contentions are without merit. Florio, J.P., Adams, Luciano and Skelos, JJ., concur.