*928 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, the adjudication set aside and the Family Court petition dismissed.
On April 14, 1988, a juvenile delinquency petition was filed alleging that the appellant, David T., committed acts which if done by an adult, would constitute criminal mischief in the fourth degree (Penal Law § 145.00 [1]) and reckless endangerment in the second degree (Penal Law § 120.20) in that he intentionally damaged a motor vehicle belonging to another and operated the vehicle in an erratic manner at an excessive speed, creating a substantial risk of serious physical injury to others. The police officer’s supporting deposition states: "On information and belief the [appellant] was driving in an apparently stolen vehicle — 1984 white Trans Am — License Plate Number QFN 288 — driving in an erratic manner at an excessive speed creating a substantial risk of serious physical injury to others. I observed the [appellant] * * * fleeing from a 1984 white Trans Am — License plate number QFN 288. I observed that the steering column was broken and that there were no keys in the ignition. I observed that the passenger door key lock was broken and that the right front tire was gone. The value of the car is over $3,000.”
After a hearing the Family Court sustained the charges and the Appellate Division affirmed. The juvenile has appealed claiming that the petition is jurisdictionally defective because it fails to meet the requirements of Family Court Act § 311.2 (3).
The statute provides that the petition is sufficient when the "non-hearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged and the respondent’s commission thereof’ (Family Ct Act § 311.2 [3]). Here the nonhearsay portion of the officer’s deposition establishes only that he saw the appellant walk away from the car and observed that the car was damaged. Although the petition further alleges that the appellant was seen driving the vehicle in a dangerous manner, these allegations are supported only by hearsay, which is inadequate under the statute.
We held in People v Alejandro (70 NY2d 133) that an omission of this nature in a criminal information renders the accusatory instrument jurisdictionally defective. There we *929 noted that the applicable statute (CPL 100.15 [3]) explicitly required that "every element of the offense charged and the defendant’s commission thereof must be supported by non-hearsay allegations”, and that the information served a "unique function” because it was the "sole instrument upon which the defendant could be prosecuted” (People v Alejandro, supra, at 137, 138).
That decision is applicable here. Although respondent notes that CPL 100.15 (3) also requires that the factual allegations be of an evidentiary nature and that the Family Court Act expressly provides that this is not necessary (Family Ct Act § 311.1 [3] [h]), the Family Court Act still requires that the petition be supported by facts of a nonhearsay character (Family Ct Act § 311.2 [3]). Because this requirement is found in both CPL 100.15 (3) and Family Court Act § 311.2 (3), and both the criminal information and the Family Court petition serve the same purpose as the sole instrument of prosecution or adjudication, the failure to comply with the statutory requirement here must be deemed a nonwaivable jurisdictional effect.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order reversed, without costs, adjudication set aside and petition dismissed in a memorandum.