■ In the Matter of ANDREW S., a Person Alleged to be a
Juvenile Delinquent, Appellant.—Order, Family Court, New
York County (Jeffry H. Gallet, J.), entered October 9, 1990,
which adjudicated appellant a juvenile delinquent following a
fact finding determination that he had committed acts which,
if committed by an adult, would have constituted the crimes
of attempted robbery in the second degree (two counts), at-
tempted grand larceny in the fourth degree, and menacing,
and placed him on probation for a period of 18 months,
unanimously affirmed, without costs.

Appellant contends that the juvenile delinquency petition,
alleging that he committed acts which if done by an adult,
would constitute, among other things, attempted robbery and
attempted larceny, was jurisdictionally defective in that there
was no factual allegation that he attempted to steal property.
The supporting depositions charged, essentially, that appel-
lant, accompanied by another person, approached the com-
plainant, simulated the presence of a weapon by placing his
hand under his sweatshirt, and directed the complainant to
stay calm. While there was no allegation of an explicit de-
mand for the complainant's property the police officer-eyewit-
ness' deposition, attached to the petition, attested that appel-
lant had attempted "to forcibly steal property" from the
complainant.

The issue presented is whether the petition is sufficient as
to the element of intent to deprive another of property. Unless
a juvenile delinquency petition contains non-hearsay allega-
tions, which, if true, establish every element of each crime
charged (Family Ct Act § 311.2 [3]), it is both incurably legally
insufficient and jurisdictionally defective *(Matter of Detrece H.,*
78 NY2d 107; *Matter of David T.,* 75 NY2d 927).

A similar argument—that an explicit demand for property,
either by word or gesture, must be alleged to establish the
requisite intent for attempted robbery or larceny—was re-
jected in *People v Bracey* (41 NY2d 296). In *Bracey,* the trial
evidence showed that defendant and an accomplice drove to a
store, made a token purchase, left the premises, and then
returned and displayed a weapon. This evidence, which the
court characterized as "fit[ting] a familiar pattern common to
robberies" *(supra,* at 302), was held sufficient to establish an
intent to commit robbery. Similarly, here, the facts alleged
give rise to an inference that appellant intended to steal

property sufficient to support the charges of attempted robbery and attempted larceny. Concur—Sullivan, J. P., Carro, Rosenberger and Rubin, JJ.