[679 NYS2d 61]

In the Matter of DESMOND J., Appellant.

Second Department, September 14, 1998

### APPEARANCES OF COUNSEL

*Monica Drinane,* New York City (*Jonathan M. Kratter* of counsel), for appellant.

*Richard A. Brown, District Attorney* of Queens County, Kew Gardens (*John M. Castellano, Robin A. Forshaw* and *Raphael E. Savino* of counsel), for respondent.

### OPINION OF THE COURT

MILLER, J.

The instant appeal, which presents an issue of first impression at the appellate level, concerns the legal sufficiency of the allegations contained in a juvenile delinquency petition in a proceeding commenced in the Criminal Court and removed to the Family Court. Specifically, the appellant contends that the order of disposition adjudicating him to be a juvenile delinquent must be reversed because the petition, which did not contain nonhearsay allegations establishing the commission of every element of the crimes charged as required by Family Court Act § 311.2 (3), is jurisdictionally deficient and could not be cured by the proffer of the complainant's supporting deposition at the initial proceeding in the Family Court. In the context of this proceeding, having been commenced in and removed from the Criminal Court, we disagree.

The appellant, who was 14 years old at the time of his arrest, was charged as a juvenile offender in a felony complaint filed in Criminal Court, Queens County. The felony complaint

alleged that he committed the crimes of rape in the first degree, sexual abuse in the first degree, and burglary in the second degree. The felony complaint was signed by the arresting detective and was based upon information and belief. The appellant was arraigned on the felony complaint on September 29, 1996. The appellant was interviewed by the New York City Criminal Justice Agency on September 29, 1996, and was recommended for juvenile offender treatment. By order dated October 15, 1996, the Criminal Court, Queens County (Griffin, J.), removed the matter to the Family Court, Queens County, with an initial appearance therein scheduled for October 17, 1996. The removal order recites that "the court having made an inquiry and having determined that a removal to the Family Court would be in the interest of justice", and concludes with the finding that there was reasonable cause to allege that the appellant committed the acts charged.

On October 16, 1996, the complainant executed a supporting deposition acknowledging the accuracy and truth of the allegations made in the felony complaint sworn to by the arresting detective. When the matter was first called in the Family Court on October 17, 1996, counsel for the presentment agency immediately handed up the complainant's supporting deposition to be added to the papers transferred from the Criminal Court. The appellant's attorney orally objected, contending that the addition of the supporting deposition constituted an improper attempt to amend a jurisdictionally defective petition. The Family Court denied the objection, and adhered to this determination upon renewal on papers, finding that, in effect, the proffer of the supporting deposition at the outset of the first proceeding in Family Court immediately following the removal from Criminal Court was not an amendment of a defective petition, but was part of the filing of an appropriate petition alleging a delinquency. Thereafter the matter proceeded with fact-finding and dispositional hearings, resulting in an adjudication of juvenile delinquency. We affirm.

The Court of Appeals has consistently stated that a juvenile delinquency petition must contain nonhearsay factual allegations which support every element of the crimes charged to meet the legal sufficiency requirements of Family Court Act § 311.2 (*see, Matter of Neftali D.,* 85 NY2d 631; *Matter of Rodney J.,* 83 NY2d 503; *Matter of Edward B.,* 80 NY2d 458; *Matter of Jahron S.,* 79 NY2d 632; *Matter of Detrece H.,* 78 NY2d 107; *Matter of David T.,* 75 NY2d 927). All of these cases were decided upon the theory that because a juvenile delinquency

petition may be used to deprive a juvenile of his liberty, the accuracy of the allegations contained therein must be reliable. For example, in *Matter of Rodney J. (supra,* at 506), the Court explained: "A juvenile delinquency petition is 'the sole instrument for the commencement, prosecution, and adjudication of the juvenile delinquency proceeding' (*Matter of Detrece H.,* 78 NY2d 107, 110), and we have cautioned that a careful assessment of the petition 'is particularly acute at the outset of a juvenile delinquency proceeding, where there is no independent Grand Jury-like body to review the evidence and the petition is often the sole "instrument upon which the [accused] is prosecuted"' (*Matter of Edward B.,* 80 NY2d 458, 464-465 [quoting *People v Alejandro,* 70 NY2d 133, 137])." However, it is critical to note that none of these Court of Appeals cases has arisen in the context of a removal from Criminal Court. Where a juvenile delinquency matter originates as a prosecution in Criminal Court, different considerations apply and the Family Court Act authorizes different procedures which must be examined before any determination is made as to the sufficiency of the petition.

A criminal felony prosecution is commenced with the filing, *inter alia,* of a felony complaint (CPL 100.05 [5]). A defendant arraigned upon a felony complaint has the right to a "prompt hearing" to test the sufficiency of the evidence against him, or he may waive a hearing for the charges to be considered by a Grand Jury (CPL 180.10 [2]; 180.30 [1]). When a defendant qualifies as a juvenile offender (*see,* CPL 1.20 [42]), the proceedings are governed by CPL 180.75. This section provides, *inter alia,* that if a defendant has previously waived a felony hearing, the court must order that the defendant be held for Grand Jury action (CPL 180.75 [2]). Thus, generally, before a juvenile offender prosecution may be transferred to Family Court, the evidence against an alleged juvenile offender charged via a felony complaint will be subject to examination by a Judge at a felony hearing, or by a Grand Jury (*see, Matter of Vega v Bell,* 47 NY2d 543, 549; *cf., People v Alejandro, supra,* at 137-138).

Pursuant to the provisions of CPL 180.75 (5), if a juvenile offender charged in an "undetermined felony complaint" (i.e., one not yet subject to a felony hearing or Grand Jury action) moves for removal of the matter to Family Court, the removal application is governed by the provisions of CPL 210.43. Pursuant thereto, the court must consider the factors enumerated in CPL 210.43 (2) and thereafter make a finding that removal is in the interest of justice (*see, People v Smith,* 217 AD2d 221;

*People v Martinez,* 97 Misc 2d 598). Among the statutorily required considerations is an assessment of the evidence of guilt, whether admissible or inadmissible at trial (CPL 210.43 ▐ [c]). In the instant case, the Criminal Court did conduct an inquiry, and made findings both as to reasonable cause and that the interests of justice would be served by removal of this matter to Family Court.

The foregoing demonstrates that before a juvenile offender prosecution is removed to Family Court, there will generally have been proceedings held to test the case against the accused juvenile offender (*see,* 1 Waxner, New York Criminal Practice § 7.10 [3], at 7-70). If the Criminal Court determines that removal is warranted, it must issue an order pursuant to CPL 725.05, and the court is required, depending upon the extent of action previously taken in Criminal Court, to make findings as to reasonable cause or evidentiary sufficiency (CPL 725.05 [2], ▐, [4], [4-a]).

Against this backdrop, Family Court Act § 311.1 (7) provides that when an order of removal is filed with the Family Court, the order and those pleadings and proceedings conducted in Criminal Court other than, *inter alia,* the minutes of any hearing inquiry or trial or Grand Jury proceeding (*cf., Matter of Larry W.,* 55 NY2d 244 [construing contrary Family Ct Act former § 731; *see,* L 1982, ch 926]), shall be transferred to the Family Court "and *shall be deemed to be a petition* filed pursuant to subdivision one of section 310.1 containing all of the allegations required by this section *notwithstanding that such allegations may not be set forth in the manner therein prescribed*" (Family Ct Act § 311.1 [7] [emphasis supplied]).

The express language of this provision excuses removal petitions from strict compliance with the otherwise applicable provisions of section 311.1 which include the requirement that the petition contain "a plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of the crime charged and the respondent's commission thereof with sufficient precision to clearly apprise the respondent of the conduct which is the subject of the accusation" (Family Ct Act § 311.1 [3] [h]). The removal order and other transferred papers are deemed to suffice as the petition. Admittedly, the subdivision governing removal (Family Ct Act § 311.1 [7]) does not expressly waive compliance with the sufficiency requirements of Family Court Act § 311.2 which require, *inter alia,* that a petition or supporting deposition contain nonhearsay allegations to establish the

respondent's commission of every element of the crimes charged. Nevertheless, the sufficiency requirements of Family Court Act § 311.2 must be read together with the provisions of Family Court Act § 311.1 which govern the contents of the petition. "A petition which does not substantially conform to the requirements of sections 311.1 *and* 311.2 is defective and subject to dismissal" (*Matter of Rodney J., supra,* at 507 [emphasis added]).

The Court of Appeals decision in *People v Alejandro (supra)* provides guidance by analogy. In that case, the Court was asked to consider pleading sufficiency issues in the context of a misdemeanor prosecution based upon a misdemeanor information. Recognizing that such an accusatory instrument was generally the sole instrument for such a prosecution, the Court emphasized the importance of the pertinent provisions of CPL 100.40 (1) (c), which, like Family Court Act § 311.2 (3), requires nonhearsay allegations sufficient to establish all elements of the crimes charged and the defendant's commission thereof. The Court recognized that unlike misdemeanor informations, felony complaints are generally accompanied by a preliminary hearing or Grand Jury action. The same is true of felony complaints filed against accused juvenile offenders. Because accused juvenile offenders in juvenile delinquency matters removed from Criminal Court will have the opportunity to put the prosecution to the test of proving the sufficiency of its evidence at a preliminary hearing or before a Grand Jury, the concerns highlighted by the Court of Appeals in *Matter of David T. (supra)* and its progeny are absent in a removal context.

Pursuant to Family Court Act § 311.1 (7), the removal order, pleadings, and proceedings are deemed to be a petition containing all allegations required by Family Court Act § 311.1. The appellant's contention that the instant "petition" is jurisdictionally defective ignores the fact that the proceeding was initiated in the Criminal Court, where there is no corollary requirement that a felony complaint contain nonhearsay allegations sufficient to establish a defendant's commission of a crime charged. Indeed, the factual allegations within a felony complaint and supporting deposition may be based upon information and belief (CPL 100.15 [3]; 100.20). These lessened standards are acceptable with felony complaints as compared to informations and misdemeanor complaints, because the more serious nature of a felony mandates that other evidentiary safeguards will be employed, such as preliminary hearings and/or Grand Jury action. Clearly, then, in removal situations,

that which constitutes a legally sufficient felony complaint in Criminal Court and that which is deemed to be a juvenile delinquency petition, may not be rendered legally insufficient merely because it is in a different form that would not normally suffice in a nonremoval situation.

The Family Court Act contains many technical procedural requirements which are strictly construed. However, much like the special handling afforded to transfers between Family Courts (*see, Matter of Eddie M.,* 196 AD2d 25), removal cases also warrant special handling. The Legislature provided for such special handling by enacting Family Court Act § 311.1 (7), which deems the removal order, pleadings, etc., to be a juvenile delinquency petition. It defies common sense and the clearly expressed intent of the Legislature that such papers should be deemed to be an incurable jurisdictionally deficient petition.

The appellant places great reliance upon *Matter of Alexis C.* (213 AD2d 481). The facts of that case, which are not stated in the memorandum decision, are as follows. The respondent was charged with robbery in the first degree and criminal possession of a weapon in the fourth degree in the Criminal Court. At the request of the District Attorney, the matter was removed to the Family Court, and the removal order, a transfer form, and the felony complaint were filed with the Family Court. Approximately 10 days later, the presentment agency filed a supporting deposition signed by the complainant.

On the appeal from the dispositional order adjudicating the respondent to be a juvenile delinquent, the presentment agency conceded that the petition, i.e., the removal order, transfer form, and felony complaint, were legally insufficient since they did not contain nonhearsay allegations proving every element of the crimes charged as required by Family Court Act § 311.2 (3). This Court accepted this concession and dismissed the petition.

To the extent that more than 10 days elapsed between the removal of the matter against Alexis C. from the Criminal Court to the Family Court when the supporting deposition was first proffered, *Matter of Alexis C. (supra)* is factually distinguishable from the instant case. Here, the presentment agency handed up the complainant's supporting deposition on the very first appearance in the Family Court; nothing more could have been done. Nevertheless, *Matter of Alexis C. (supra)* was decided based upon an arguably improvident concession by the presentment agency therein. Contrary to the appellant's

contentions, in the context of removal cases there is no clear judicial precedent supporting the conclusion that the instant petition is jurisdictionally defective.

Accordingly, on the instant facts we conclude that the petition was sufficient. Moreover, contrary to the appellant's contentions, the evidence adduced at the fact-finding hearing was legally sufficient. Therefore, the order of disposition is affirmed.

BRACKEN, J. P., O'BRIEN and COPERTINO, JJ., concur.

Ordered that the order of disposition is affirmed, without costs or disbursements.