OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, without costs.
 

 In this juvenile delinquency proceeding, respondent, then 14 years old, was originally charged in a felony complaint with rape in the first degree and other related crimes. The felony complaint was based on hearsay allegations from a detective. Following arraignment in criminal court, the case was transferred to Family Court “in the interests of justice” pursuant to CPL 180.75. The order contains an uncontested finding by the criminal court of reasonable cause to believe that respondent committed the crimes charged in the felony complaint (s
 
 ee,
 
 CPL 725.05 [3]).
 

 The felony complaint and supporting papers from the criminal proceeding were transferred to‘Family Court, where they were “deemed to be” a juvenile delinquency petition (Family Ct Act § 311.1 [7]). On the day after the transfer, the complainant signed a supporting deposition affirming the truthfulness and accuracy of the allegations of the felony complaint. One day later, respondent made his first appearance in Family Court. The presentment agency immediately handed up the supporting deposition and requested that it be filed with the papers transferred from criminal court. Respondent objected, arguing that only the felony complaint and the other papers transferred from criminal court could properly be deemed the petition. Respondent also moved to dismiss the petition as jurisdictionally defective, as it did not contain non-hearsay allegations satisfying all of the elements of the crimes charged.
 

 Family Court denied the motion, and the Appellate Division affirmed, holding that Family Court Act § 311.1 (7) “excuses removal petitions from strict compliance with the otherwise applicable provisions of section 311.1” (246 AD2d 111, 115). The court noted that the allegations in the felony complaint were acceptable for commencing a criminal action. Thus, if the felony complaint and other documents from the criminal proceeding are “deem[ed]” a petition under Family Court Act § 311.1, it “defies common sense and the clearly expressed intent of the Legislature that such papers should be deemed to be an incurable jurisdictionally deficient petition”
 
 (id.,
 
 at 117). We agree.
 

 Pursuant to Family Court Act § 311.1 (7), the felony complaint and additional papers transferred from criminal court
 
 *951
 
 are deemed to satisfy the requirements of Family Court Act § 311.1 (3). However, section 311.1 (7) does not expressly reference the requirement contained in Family Court Act § 311.2 (3) that “non-hearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged and the [juvenile’s] commission thereof.” A felony complaint, by its very nature, need not satisfy this specific Family Court jurisdictional threshold
 
 (see,
 
 CPL 100.15 [3]). However, the felony complaint is legally “deemed” the petition. As section 311.2 states, and as this Court made clear in
 
 Matter of Jahron S.
 
 (79 NY2d 632, 638):
 

 “Family Court Act § 311.2 clearly contemplates that * * * supporting depositions may be filed in addition to petitions and that the sufficiency of the petition is to be measured by the factual allegations contained not only in the petition itself but also in any supporting deposition that may be attached to it.”
 

 Here, the complainant’s supporting deposition filed with the papers transferred from criminal court satisfied the requirements of Family Court Act § 311.2. Respondent does not argue that the allegations in the deposition were insufficient, but instead contends that the timing of the filing of the deposition constituted an amendment of the petition to cure the “legal insufficiency of the factual allegations” in violation of Family Court Act § 311.5 (2) (b) and this Court’s decision in
 
 Matter of Rodney J.
 
 (83 NY2d 503, 508). We reject respondent’s argument.
 

 The presentment agency immediately filed the supporting deposition on the date of respondent’s (and the agency’s) initial appearance in Family Court. In a removal context, this was the earliest stage at which the deposition could have been filed. While respondent contends that a deposition should have been filed in criminal court prior to the transfer, this would have been a superfluous, if not irregular, action. It would not be good and sound practice to require the filing of a document in criminal court that has no legal relevance to the criminal proceeding, solely to anticipate a distinctive jurisdictional requirement of Family Court. Nor need the case be delayed in criminal court pending a felony hearing or Grand Jury proceedings which would then become part of the petition pursuant to Family Court Act § 311.1 (7). This might directly contravene the legislative purpose to provide for a removal avenue “as quickly as possible”
 
 (Matter of Vega v Bell,
 
 47 NY2d 543, 550).
 
 *952
 
 Under the facts of this case, the deposition was timely filed with the petition (Family Ct Act § 311.2) and thus was not an improper amendment of the petition within the meaning of Family Court Act § 311.5. We deem it unnecessary in this context to decide any broader question.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 Order affirmed, without costs, in a memorandum.