In the Matter of GERALD R.M., Also Known as GERALD R.M., III, Appellant. SENECA COUNTY ATTORNEY, Respondent. [785 NYS2d 256]—

Appeal from an order of the Family Court, Seneca County (W. Patrick Falvey, J.), entered January 12, 2004 in a proceeding pursuant to Family Ct Act article 3. The order adjudged that respondent is a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of 18 months.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: On appeal from an order adjudging him to be a juvenile delinquent and, inter alia, placing him in the custody of the New York State Office of Children and Family Services, respondent contends that the petition fails to comply with Family Ct Act § 311.2 (3) and that this contention is a non-waivable jurisdictional defect that may be raised for the first time on ap-

peal. We disagree and conclude that the contention must be preserved and is waived by respondent's admission to one of the charges in the petition.

Pursuant to section 311.2 (3) a petition in a juvenile delinquency proceeding is sufficient on its face when "non-hearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged and the respondent's commission thereof." The Court of Appeals has held that section 311.2 (3) should be interpreted the same way as CPL 100.40 (1) (c), which has a parallel requirement for misdemeanor informations (*see Matter of Edward B.*, 80 NY2d 458, 464 [1992]; *Matter of Jahron S.*, 79 NY2d 632, 636-637 [1992]; *see also Matter of Desmond J.*, 246 AD2d 111, 116 [1998], *affd* 93 NY2d 949 [1999]). In *People v Alejandro* (70 NY2d 133, 138 [1987]), the Court held that "an information must, for jurisdictional purposes, contain nonhearsay factual allegations sufficient to establish a prima facie case." In interpreting its own holding in *Alejandro*, the Court held that, where a juvenile delinquency petition fails to contain non-hearsay allegations sufficient to support each element of the crime charged, "an omission of this nature in a criminal information renders the accusatory instrument jurisdictionally defective" (*Matter of David T.*, 75 NY2d 927, 928 [1990]; *see generally Jahron S.*, 79 NY2d at 637-640). Subsequent delinquency cases have held that the failure of a petition to contain non-hearsay allegations to support each element of the crime charged constituted a non-waivable jurisdictional defect that could be raised for the first time on appeal and was not waived by entry of an admission to the petition (*see Matter of Wesley M.*, 83 NY2d 898, 899-900 [1994]; *Matter of Rodney J.*, 83 NY2d 503, 507 [1994]; *Matter of Shane B.*, 4 AD3d 650, 651 [2004]).

In *People v Casey* (95 NY2d 354, 362 [2000]), however, the Court revisited its holding in *Alejandro* and stated that the only issue concerning CPL 100.40 (1) (c) in *Alejandro* was the "total absence" of evidence supporting an element of the crime charged and not the existence of hearsay information supporting that charge. "Therefore, *Alejandro*'s suggestion that the second, non-hearsay requirement of CPL 100.40 (1) (c) was 'jurisdictional' and, thus, non-waivable and reviewable on appeal without preservation was not essential to the Court's holding" (*id.*). In *Casey*, the Court was "squarely confronted with the issue whether a hearsay pleading [in] violation of CPL 100.40 (1) (c) is jurisdictional and non-waivable" (*id.*). The Court, without mentioning *David T.*, *Wesley M.*, or *Rodney J.*, concluded that the violation is not jurisdictional and is waivable

(*id.* at 362-363; *see People v Keizer*, 100 NY2d 114, 119-122 [2003]; *see also People v Robinson*, 1 AD3d 1019, 1020 [2003], *lv denied* 2 NY3d 745 [2004]). We conclude, therefore, that those juvenile delinquency cases have been tacitly overruled by *Casey* and *Keizer*. Thus, we conclude that respondent's contention, raised for the first time on appeal, is not preserved for our review and is waived by respondent's admission to the petition.

We further conclude that Family Court complied with Family Ct Act §§ 321.3 (1) and 341.2 (3) when it accepted respondent's admission. The record indicates the presence of a parent in the courtroom at the time respondent entered his admission. The record further indicates that the court properly conducted an allocution with the parent, informing her of the possible specific dispositions. Although the record does not indicate the presence of respondent's legal guardian, the statute requires only the presence and allocution of either a "parent or other person legally responsible for [respondent's] care" (§ 321.3 [1]; *see also* § 341.2 [3]). "[T]he word 'or' as used in a statute is a disjunctive particle [*sic*] indicating an alternative and it often connects a series of words or propositions presenting a choice of either" (*Colbert v International Sec. Bur.*, 79 AD2d 448, 463 [1981], *lv denied* 53 NY2d 608 [1981]).

We further conclude that respondent's "conclusory allegations against [the law guardian] fail to establish a denial of meaningful representation" (*People v De Leo*, 214 AD2d 762, 762 [1995]; *see generally People v Baldi*, 54 NY2d 137 [1981]). Finally, we conclude that the initial judge did not abuse his discretion in accepting the admission before withdrawing from the case. "[A] court's decision to withdraw from a case after previously declining to do so will not transform a 'worthless recusal claim into one with merit' " (*Rochester Community Individual Practice Assn. v Excellus Health Plan* [appeal No. 2], 305 AD2d 1007, 1008 [2003], *lv dismissed* 1 NY3d 546 [2003], quoting *Bank of Tokyo Trust Co. v Urban Food Malls*, 229 AD2d 14, 34 [1996]). Further, " '[j]udicial acts taken before the [recusal] may not later be set aside unless the litigant shows actual impropriety or actual prejudice; appearance of impropriety is not enough to poison the prior acts' " (*id.* at 1008-1009, quoting *United States v Murphy*, 768 F2d 1518, 1541 [1985], *cert denied* 475 US 1012 [1986]). Respondent herein has made no such showing. Present—Pigott, Jr., P.J., Pine, Scudder, Kehoe and Lawton, JJ.