[821 NE2d 537, 788 NYS2d 299]

In the Matter of MICHAEL M., a Person Alleged to be a Juvenile Delinquent, Appellant.

Argued October 20, 2004; decided November 23, 2004

**POINTS OF COUNSEL**

*Legal Aid Society, Juvenile Rights Division,* New York City (*Susan Clement* and *Monica Drinane* of counsel), for appellant. The Family Court Act's unique jurisdictional requirements were not satisfied where the removal petition failed to contain non-hearsay allegations establishing every element of the crimes charged and no nonhearsay supporting deposition was filed with the petition at the initial appearance in Family Court or at any future point in the delinquency proceeding. (*Matter of Jahron S.,* 79 NY2d 632; *Matter of Rodney J.,* 83 NY2d 503; *People v Finnegan,* 85 NY2d 53, 516 US 919; *Matter of Robert J.,* 2 NY3d 339; *Matter of David T.,* 75 NY2d 927; *People v Alejandro,* 70 NY2d 133; *Matter of Detrece H.,* 78 NY2d 107; *Matter of Angel A.,* 92 NY2d 430; *People v Swamp,* 84 NY2d 725; *Matter of Neftali D.,* 85 NY2d 631.)

*Michael A. Cardozo, Corporation Counsel,* New York City (*Sharyn Rootenberg* and *Larry A. Sonnenshein* of counsel), for

respondent. Pursuant to the express terms of Family Court Act § 311.1 (7), when a juvenile offender proceeding is commenced in Criminal Court and removed to Family Court, the order of removal, which consists of the Criminal Court pleadings and proceedings, is legally sufficient to constitute a valid petition notwithstanding that it does not contain nonhearsay allegations establishing each element of the crimes charged. Therefore, the failure to supplement the removal petition with a supporting deposition containing nonhearsay allegations is nonetheless jurisdictionally sound and, in any event, may not be challenged for the first time on appeal. (*Matter of Detrece H.,* 78 NY2d 107; *Matter of Desmond J.,* 246 AD2d 111, 93 NY2d 949; *Matter of David M.,* 229 AD2d 345; *Matter of Edward B.,* 80 NY2d 458; *Matter of Neftali D.,* 85 NY2d 631; *Matter of City School Dist. v New York State Pub. Empl. Relations Bd.,* 144 AD2d 35; *Matter of Allstate Ins. Co. v Libow,* 106 AD2d 110, 65 NY2d 807; *American Lodge Assn. v East N.Y. Sav. Bank,* 100 AD2d 281; *Sanders v Winship,* 57 NY2d 391; *Matter of Vega v Bell,* 47 NY2d 543.)

## OPINION OF THE COURT

READ, J.

This appeal calls upon us to decide whether the jurisdictional requirements for filing in Family Court are met when an order of removal and the accompanying pleadings and proceedings contain only hearsay allegations; and, if they are not met, whether this deficiency is waivable. For the reasons that follow, we conclude that such a removal is jurisdictionally defective. Further, the defect is nonwaivable and thus is reviewable for the first time upon appeal.

### I.

This case originated with the filing of a felony complaint on April 3, 2002 in Criminal Court, Bronx County. The complaint charged appellant Michael M., who was 14 years old at the time, with participating in a group assault on a 13-year-old boy to steal his bicycle. In the resulting melee, the 13 year old suffered a broken leg. The felony complaint was signed by a police officer and was based on his interview of the victim. In other words, the complaint contained only hearsay.

After Michael M. was arraigned, he was interviewed by the New York City Criminal Justice Agency, which recommended juvenile offender treatment. Accordingly, at a calendar call on May 15, 2002, the prosecutor asked Criminal Court to remove

the case to Family Court "pursuant to CPL 180.75 [and] 210.43,"[1] and handed up a form removal order for the judge to sign.[2] The prosecutor cited three factors to support her oral application: that Michael M. was not the "sole participant" in the attack; that removal would assure that the victim, who was of "tender age," would not be "subjected to needless trauma"; and that removal would not negatively affect the criminal justice system (*see* CPL 180.75 [6] [b]). The judge asked if there were "[a]ny objections," and Michael M.'s attorney replied "No." The judge did not place on the record the reasons causing him to exercise his discretion to order removal (*cf.* CPL 180.75 [6] [a], [c]; *see also Matter of Raymond G.*, 93 NY2d 531, 538 [1999]). He immediately signed the order, which directed Michael M. to appear in Family Court a week later, on May 22, 2002.

At his initial Family Court appearance, Michael M. was served with the felony complaint, the removal order and the transcript of the Criminal Court proceeding. On November 14, 2002, Family Court found that Michael M. had committed acts which, if committed by an adult, would constitute the felonies of attempted robbery in the first degree, attempted robbery in the second degree, assault in the second degree (two counts), attempted grand larceny in the fourth degree and attempted criminal possession of stolen property in the fifth degree. By order

---

1. CPL 180.75 (4) provides that when a juvenile offender is arraigned before a local criminal court upon a felony complaint, the court shall order removal to Family Court at the District Attorney's request if, upon consideration of criteria specified in CPL 210.43 (2), removal is determined to be "in the interests of justice." These criteria, which the court must consider "to the extent applicable," include the seriousness and circumstances of the offense, the extent of harm caused and the evidence of guilt, whether admissible or inadmissible at trial (CPL 210.43 [2]). Additional showings are required where the felony complaint charges murder in the second degree, rape in the first degree and other specified serious crimes (*see* CPL 180.75 [4]). Further, where a court directs removal to Family Court, the provisions of CPL 725.05 govern the order. For a removal order made pursuant to CPL 180.75 (4), the court must specify the act or acts it found "reasonable cause to allege" (CPL 725.05 [3]).

2. The form order purports to be an order for Supreme Court to remove a criminal proceeding to Family Court upon the People's motion, acting pursuant to paragraph (a) of CPL 180.75 (4). This provision, which took effect on September 1, 1978 (*see* L 1978, ch 481, §§ 33, 67), was repealed when section 180.75 (4) was substantially amended, effective August 4, 1979 (*see* L 1979, ch 411, §§ 5, 26; Governor's Approval Mem, 1979 McKinney's Session Laws of NY, at 1800). Thus, the order is not only boilerplate, but outdated boilerplate.

of disposition dated November 22, 2002, Family Court placed him on probation for 24 months.

Michael M. challenged Family Court's jurisdiction in this matter for the first time on appeal, arguing that the removal order and its accompanying papers were facially insufficient because they contained only hearsay allegations. Citing to *Matter of Desmond J.* (93 NY2d 949 [1999]), the Appellate Division rejected Michael M.'s claim, stating that "[o]n this record, jurisdiction was sufficiently established" (309 AD2d 631 [1st Dept 2003]). We now reverse.

## II.

A juvenile delinquency proceeding "is originated [in Family Court] by the filing of a petition" (Family Ct Act § 310.1 [1]). Family Court Act § 311.1 specifies the delinquency petition's contents. As relevant on this appeal, Family Court Act § 311.1 (7) provides that a removal order from a criminal court to Family Court and all associated "pleadings and proceedings" (other than those not yet transcribed) "shall be deemed to be a petition filed pursuant to subdivision one of section 310.1 containing all of the allegations *required by this section* [i.e., Family Ct Act § 311.1] notwithstanding that such allegations may not be set forth in the manner therein prescribed" (emphasis added). Here, the presentment agency takes the position that by virtue of section 311.1 (7)'s express terms, the removal order and whatever other pleadings and proceedings may accompany it in an individual case are deemed to constitute a facially sufficient petition. We disagree.

█ The need for nonhearsay allegations stems not from Family Court Act § 311.1 ("this section"), but instead from subdivision (3) of a different section—Family Court Act § 311.2. The latter provision mandates that the factual allegations of a petition and/or any supporting depositions must contain "nonhearsay allegations [to] establish, if true, every element of each crime charged and the respondent's commission thereof" (Family Ct Act § 311.2 [3]; *see also* Family Ct Act § 315.1 [1] [a]; [2]). Section 311.1 (7) exempts a removal order from compliance with the requirements of section 311.1; it does not excuse compliance with section 311.2 and its nonhearsay requirements. Accordingly, we conclude that removals must be supported by nonhearsay factual allegations to establish every element of the crimes charged and the juvenile's commission of these crimes.

Other provisions in the Family Court Act support our reading of Family Court Act § 311.1 (7). In 1978, the Legislature

amended former Family Court Act § 731 to add the removal provision as subdivision (3) (*see* L 1978, ch 481, § 48), which provided in relevant part as follows:

> "When an order of removal . . . is filed with [Family Court] such order and the pleadings and proceedings transferred with it shall be and shall be deemed to be a petition filed pursuant to *subdivision one of this section* containing all of the allegations therein required notwithstanding that such allegations may not be set forth in the manner therein prescribed" (former Family Ct Act § 731 [3] [emphasis added]).

Subdivision (1) of former Family Court Act § 731, in turn, required the filing of a petition to originate a juvenile delinquency proceeding (comparable to Family Ct Act § 310.1 [1]). In addition, subdivision (1) required the petition to allege that the juvenile had committed an act that, if done by an adult, would constitute a crime and to specify the act as well as the time and place of its commission (former Family Ct Act § 731 [1] [a], restated in Family Ct Act § 311.1 [2], [3] [d], [e], [f], [g]); that the juvenile was under 16 years old at the time of the alleged act's commission (former Family Ct Act § 731 [1] [b], restated in Family Ct Act § 311.1 [3] [c]); and that the juvenile required supervision, treatment or confinement (former Family Ct Act § 731 [1] [c], restated in Family Ct Act § 311.1 [3] [j]).

Thus, the removal provision enacted by the Legislature in 1978 as former Family Court Act § 731 (3) did not, by its express terms, exempt a removal from compliance with any of the former Act's requirements except those in section 731 (1), which are broadly comparable to Family Court Act § 311.1's requirements from which a removal pursuant to section 311.1 (7) is exempt. Underscoring this point, the Legislature expressly stated that other provisions of the former Family Court Act were inapplicable to a removal order. For example, the Legislature amended former Family Court Act § 733, which provided for various individuals to originate a juvenile delinquency proceeding, to specify that its provisions did "not apply to a proceeding originated by the filing of an order of removal" (L 1978, ch 481, § 49; *see also* ch 481, § 50 [providing that former Family Ct Act § 734, relating to procedures for initiation of juvenile delinquency proceedings by individuals, did not apply in the removal context; ch 481, § 51 [providing that former Family

Ct Act § 734-a, relating to various approvals for the filing of a petition, did not apply in the removal context]).[3]

Similarly, former Family Court Act § 739, which governed release or detention after the filing of a petition and prior to an order of disposition, was amended by adding language as subdivision (c) to require that "[w]here the petition consists of [a removal order], the petition shall be deemed to be based upon a determination that probable cause exists to believe the respondent is a juvenile delinquent and the respondent shall not be entitled to any further inquiry on the subject of whether probable cause exists" (L 1978, ch 481, § 52). This language was carried over into Family Court Act § 325.1 (5) when the Legislature recodified the Family Court Act's juvenile delinquency provisions in 1982 (L 1982, ch 920, § 1). Interestingly, however, the Legislature provided an exception from section 325.1 (5) for a removal pursuant to CPL 725.05 (3)/CPL 180.75 (4)—the bases for Michael M.'s removal—provided that the juvenile was not afforded a probable-cause hearing for a reason other than waiver.[4] The Legislature also enacted Family Court Act § 311.2 in 1982, but did not similarly provide any express exception from its nonhearsay requirements for a removal pursuant to CPL 725.05 (3)/CPL 180.75 (4).

Nor does our decision in *Matter of Desmond J.*, which also involved a felony complaint based solely on hearsay allegations, contradict our reading of Family Court Act § 311.1 (7). At the initial appearance in Family Court in *Matter of Desmond J.*, the presentment agency filed a supporting deposition containing nonhearsay allegations to comply with Family Court Act § 311.2 (3). The juvenile "objected, arguing that only the felony complaint and the other papers transferred from criminal court could properly be deemed the petition[, and] moved to dismiss the petition as jurisdictionally defective, as it did not contain non-hearsay allegations" (93 NY2d at 950). Both Family Court and the Appellate Division (246 AD2d 111 [2d Dept 1998]) rejected the juvenile's claim.

---

3. When the Legislature recodified the Family Court Act's juvenile delinquency provisions in 1982, it restricted origination of juvenile delinquency proceedings to presentment agencies (*see* Family Ct Act § 310.1 [2]; *see also* L 1982, ch 920, §§ 1, 28).

4. As a result, Michael M. would have been entitled to a probable-cause hearing in Family Court because he was not afforded a hearing to test the evidence in Criminal Court, and he did not waive his right to a hearing on the felony complaint.

The Appellate Division adopted the position pressed by the presentment agency here; i.e., that a removal order and whatever other pleadings and proceedings may accompany it are deemed by Family Court Act § 311.1 (7) to constitute a facially sufficient petition. The Appellate Division recognized that we had "consistently stated that a juvenile delinquency petition must contain nonhearsay factual allegations which support every element of the crimes charged to meet the legal sufficiency requirements of Family Court Act § 311.2" (246 AD2d at 113, citing *Matter of Neftali D.*, 85 NY2d 631 [1995]; *Matter of Rodney J.*, 83 NY2d 503 [1994]; *Matter of Edward B.*, 80 NY2d 458 [1992]; *Matter of Jahron S.*, 79 NY2d 632 [1992]; *Matter of Detrece H.*, 78 NY2d 107 [1991]; and *Matter of David T.*, 75 NY2d 927 [1990]). "All of these cases were decided upon the theory that because a juvenile delinquency petition may be used to deprive a juvenile of his liberty, the accuracy of the allegations contained therein must be reliable" (246 AD2d at 113-114). The Court concluded, however, that these considerations were not relevant in the removal context because "there will generally have been proceedings held [i.e., a felony hearing or grand jury proceeding] to test the case against the accused juvenile offender"; and, further, the Criminal Court "is required, depending upon the extent of action previously taken in Criminal Court, to make findings as to reasonable cause or evidentiary sufficiency" (*id.* at 115).

We affirmed the Appellate Division, but on different grounds entirely. As previously noted, the presentment agency had filed a supporting deposition satisfying the requirements of Family Court Act § 311.2 (3) at the initial appearance in Family Court. Because "[i]n a removal context, this was the earliest stage at which the deposition could have been filed," we concluded that the petition was not improperly amended within the meaning of Family Court Act § 311.5 (93 NY2d at 951), and was therefore facially sufficient. Accordingly, in *Matter of Desmond J.* we did not need to reach the "broader question" that we now resolve. (*Id.* at 952.) In short, because the papers transferred from the Criminal Court, as supplemented at the earliest possible moment by the supporting deposition, in fact satisfied the requirements of section 311.2 (3), we did not need to decide in *Matter of Desmond J.* whether they were required to do so.

We have, moreover, consistently viewed petitions failing to satisfy Family Court Act § 311.2 (3) as exhibiting a nonwaivable jurisdictional defect (*see Matter of Neftali D.*, 85 NY2d at 636-

637; *Matter of Rodney J.*, 83 NY2d at 507; *Matter of Jahron S.*, 79 NY2d at 637; *Matter of Detrece H.*, 78 NY2d at 109-110; *Matter of David T.*, 75 NY2d at 929).[5] In *People v Casey* (95 NY2d 354 [2000]), we recently considered whether a hearsay pleading violation of CPL 100.40 (1), from which Family Court Act § 311.2 is derived, is jurisdictional and nonwaivable. We concluded that it was not. In doing so, however, we noted "the importance of the curability of a particular procedural defect as a factor weighing in favor of requiring preservation" (*id.* at 367). Because a legally insufficient juvenile delinquency petition under Family Court Act § 311.2 (3) cannot be cured by amendment, "we have held that hearsay pleading defects in delinquency petitions need not be preserved" (*id.*).

Finally, there may indeed be cases where the reliability of the charges in a felony complaint will have been tested at a hearing or in the grand jury or otherwise during the course of juvenile offender proceedings taking place in a criminal court prior to removal. In such cases, the juvenile may receive protections equivalent to a nonhearsay supporting deposition. In this case, however, no such equivalent protections were afforded Michael M.

Accordingly, the order of the Appellate Division should be reversed, without costs, and the petition dismissed.

R.S. SMITH, J. (dissenting). We dissent, and would hold that Michael M. waived his right to have a nonhearsay deposition filed in support of the juvenile delinquency petition when he failed to raise this issue at any time before taking an appeal.

I

On April 2, 2002, a 13-year-old boy with a bicycle was set upon by a gang of other boys near Yankee Stadium. The assailants, trying to steal the bicycle, punched the victim in the face, knocked him down and kicked him while he lay on the ground. Michael, 14, was arrested near the scene and identified by the

---

5. The dissent suggests that this disserves young people charged with juvenile delinquency. We do not doubt that among the purposes of a delinquency adjudication is the provision of necessary services to the delinquent. But we recognize as well that a system of justice must always ensure that procedural safeguards are met and legal requirements are fulfilled. Under our law, presentment agencies may only prosecute based on a facially sufficient petition. Because their failure to do so has consequences, we are confident that they will be vigilant about complying with their statutory mandate in the future.

victim and other witnesses as one of the participants in the assault.

Michael was arraigned on a felony complaint in Criminal Court. As is permissible (CPL 100.15 [3]), the Criminal Court complaint was based on hearsay; the arresting officer related what the victim had told him. Later, the prosecutor decided that a felony prosecution would not be necessary, and that a juvenile delinquency proceeding in Family Court would be preferable. On motion of the prosecution, and without objection, Michael's case was removed to Family Court.

Family Court complaints, unlike felony complaints in Criminal Court, must contain, or be supported by depositions that contain, "non-hearsay allegations" (Family Ct Act § 311.2 [3]). Thus, after the case was removed, the City of New York, which was presenting the delinquency petition, should have submitted to the Family Court a deposition from the victim supporting the officer's hearsay complaint (*Matter of Desmond J.*, 93 NY2d 949 [1999]). The City omitted to do this. Michael did not complain of, or call the Family Court's attention to, the omission.

The case proceeded to a hearing, and Family Court found that Michael had committed acts which, if committed by an adult, would have constituted attempted robbery in the first degree, assault in the second degree, and several other crimes. Michael was adjudged a juvenile delinquent and placed on probation for 24 months. The Family Court's order of disposition required that he receive counseling and obey curfews. Michael appealed from this order and on appeal argued, for the first time, that the proceedings against him were flawed because no deposition containing "non-hearsay allegations" had been filed.

## II

It is an unquestioned rule, applicable in almost all cases, that a litigant may not complain on appeal of errors that he did not bring to the attention of the lower court. There are a few exceptions, for errors so fundamental that justice requires their correction, but there is no reason in principle why a violation of the "non-hearsay" requirement of Family Court Act § 311.2 (3) should be placed in that category. Michael's argument here, which the majority accepts, is based not on principle but on some peculiarities in our Court's case law.

One of the errors considered so fundamental that it may be raised for the first time on appeal is the failure of an accusatory

instrument to allege facts that constitute the charged crime. Where the acts the defendant allegedly committed do not violate the criminal statute on which the prosecution is based, we have permitted defendants to raise the issue on appeal even though they did not raise it below. We have grounded this result on the theory that an accusatory instrument that fails to allege essential facts is insufficient to confer jurisdiction on the trial court (*People v Case*, 42 NY2d 98 [1977]).

In *Case*, we stated the rule broadly: "A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (*id.* at 99; citation omitted). Language like this is open to the mistaken interpretation that not just a failure to allege facts constituting the charged crime, but every technical defect in the instrument, is a "nonwaivable jurisdictional" error. We made such a mistake, in dictum, in *People v Alejandro* (70 NY2d 133 [1987]). All we held in *Alejandro* was that a misdemeanor information charging defendant with resisting arrest was jurisdictionally deficient when the facts alleged failed to support an element of the charged crime— that the arrest in question was "authorized." In stating the rule, however, we tracked the language of the statute governing misdemeanor informations, Criminal Procedure Law § 100.40 (1) (c)—which, like the Family Court Act section at issue in this case, contains a "non-hearsay" requirement. Thus, we said in *Alejandro* that an information which "lacked the necessary nonhearsay allegations which would establish, 'if true, every element of the offense charged and the defendant's commission thereof' " contained a "jurisdictional defect which was not waived by defendant's failure to raise the issue until after completion of the trial" (*id.* at 134-135).

In *People v Casey* (95 NY2d 354, 362 [2000]) we found it necessary to "revisit" *Alejandro* and we retracted "*Alejandro*'s suggestion that the . . . non-hearsay requirement of CPL 100.40 (1) (c) was 'jurisdictional' and, thus, non-waivable and reviewable on appeal without preservation." Our holding in *Casey* rests in part on an analysis of the background and purpose of CPL 100.40 (1) (c), but also in part on what we called "the general principles governing the narrow instances where this Court has departed from the requirement that errors in criminal proceedings have to be preserved at the trial court in order to be reviewable as an issue of law." (*Id.* at 363.) We said in *Casey*:

"[T]he failure to preserve has been excused for only

the most fundamental procedural irregularities . . . [I]t is only 'where "the error complained of goes to the *essential validity* of the proceedings conducted below" such that "the entire trial is *irreparably tainted*," [that] it need not be preserved to present a question of law reviewable by this Court' (*People v Agramonte*, 87 NY2d 765, 770 [quoting *People v Patterson*, 39 NY2d 288, 295-296] [emphasis supplied]). Pleading errors involving omission of elements of the charged crime are fundamental. They impair a defendant's basic rights to fair notice sufficient to enable preparation of a defense and to prevent double jeopardy. *Hearsay pleading defects do not implicate any of those basic rights of an accused.*" (*Id.* at 366 [emphasis added in part]; *accord People v Keizer*, 100 NY2d 114, 121 [2003] ["a purported hearsay defect in an accusatory instrument is nonjurisdictional"].)

The reasoning of *Casey* is convincing, and logically it should control our decision here. A problem arises, however, because, in a two-sentence dictum near the end of the *Casey* opinion, we distinguished juvenile delinquency proceedings from proceedings on Criminal Court misdemeanor informations, thus seeming to imply that the *Casey* rule would not apply in delinquency cases. We said:

"Contrastingly, a legally insufficient juvenile delinquency petition under Family Court Act § 311.2 (3), the counterpart to CPL 100.40 (1) (c), cannot be cured by amendment (*see*, Family Ct Act § 311.5 [2] [b]). Thus, we have held that hearsay pleading defects in delinquency petitions need not be preserved (*see, Matter of Rodney J.*, 83 NY2d 503 [ ]; *Matter of Detrece H.*, 78 NY2d 107)." (95 NY2d at 367.)

This dictum, unlike the rest of the *Casey* opinion, will not withstand analysis. The first sentence of the dictum distinguishes juvenile delinquency from misdemeanor cases because a flaw in a delinquency petition, unlike a flaw in a misdemeanor information, "cannot be cured by amendment." As we noted in *Casey*, the curability of a procedural defect is an important factor weighing in favor of requiring preservation. However, although a defect in a delinquency petition cannot be cured *by amendment*, it can be cured. Here, for example, if Michael had

made a timely motion to dismiss the petition, his motion presumably would have been successful, but the City could simply have brought another petition. Here, as in *Casey*, curability furnishes an important reason why preservation should be required.

The second sentence of the *Casey* dictum says "we have held" that hearsay defects in delinquency petitions are nonwaivable—but the two cases cited for that proposition do not support it. Neither *Matter of Rodney J.* (83 NY2d 503 [1994]) nor *Matter of Detrece H.* (78 NY2d 107 [1991]) involved any issue of waiver. In both cases, the alleged delinquent had preserved the defect in the petition by moving to dismiss in Family Court. The same is true of two other cases cited by the majority here, *Matter of Jahron S.* (79 NY2d 632 [1992]) and *Matter of Neftali D.* (85 NY2d 631 [1995]). There appears to be only one case, *Matter of David T.* (75 NY2d 927 [1990]) in which we held that a hearsay defect in a delinquency petition was nonwaivable—and *David T.* is a brief memorandum decision in which we relied exclusively on *Alejandro*. There is no reason why the *David T.* holding should have survived our decision in *Casey*, 10 years later, to revisit *Alejandro*.

We thus conclude that the majority errs in following the *Casey* dictum. We would instead follow the *Casey* holding and the powerful reasoning that supports it, and would conclude that a hearsay defect in a delinquency petition, like a hearsay defect in a criminal court misdemeanor information, is nonjurisdictional and may be waived.

## III

The result in this case is unfortunate. It is always unfortunate—though, of course, it is sometimes inevitable—when a meritorious case fails because of a lawyer's omission to file the right piece of paper, but it is especially so in juvenile delinquency cases. Such cases serve not only to protect the community from troubled young people like Michael, but to give these young people themselves, to the extent that an imperfect system can manage it, the help they need. The rule the Court adopts today, by magnifying the consequences of a procedural error, correspondingly reduces the chances of doing practical good. When a boy or girl is adjudicated delinquent, and a court orders the services that it thinks most appropriate, the services may or may not help—but they will certainly not help if they are terminated in midstream because a lawyer has belatedly

discovered a procedural glitch. Nor is it helpful to send the message to Michael, and to future Michaels, that violent and antisocial conduct will have no consequences if a lawyer can discover a long-neglected flaw in paperwork.

## IV

Accordingly, we would affirm the decision of the Appellate Division.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK and ROSENBLATT concur with Judge READ; Judge R.S. SMITH dissents and votes to affirm in a separate opinion in which Judge GRAFFEO concurs.

Order reversed, etc.