Matter of Dennis P.-A. (2019 NY Slip Op 01601)





Matter of Dennis P.-A.


2019 NY Slip Op 01601


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2017-10628
 (Docket Nos. D-8772-17, D-9595-17)

[*1]In the Matter of Dennis P.-A. (Anonymous), appellant.


Stephen R. Hellman, Eastport, NY, attorney for the child, the appellant, Dennis P.-A.
Dennis M. Brown, County Attorney, Central Islip, NY (Steven B. Nacht of counsel), for respondent.



DECISION & ORDER
In two proceedings pursuant to Family Court Act article 3, Dennis P.-A. appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Philip Goglas, J.), dated September 20, 2017. The order of fact-finding and disposition, insofar as appealed from, after fact-finding hearings on two separate petitions, adjudicated Dennis P.-A. a juvenile delinquent, upon findings that he committed acts which, if committed by an adult, would have constituted the crimes of assault in the second degree, criminal possession of a weapon in the fourth degree, robbery in the second degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree, and placed him in the custody of the New York State Office of Children and Family Services for a period of six months. The appeal brings up for review the denials, after hearings, of those branches of Dennis P.-A.'s omnibus motions which were to suppress his statements to law enforcement officials.
ORDERED that the appeal from so much of the order of fact-finding and disposition as placed the appellant in the custody of the New York State Office of Children and Family Services for a period of six months is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.
In a superseding petition under Suffolk County Family Court Docket No. D-8772-17 (hereinafter the robbery case), the Presentment Agency alleged that Dennis P.-A. (hereinafter the appellant) committed acts which, if committed by an adult, would constitute the crimes of robbery in the second degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree. In a separate petition, under Suffolk County Family Court Docket No. D-9595-17 (hereinafter the assault case), the Presentment Agency alleged that the appellant committed acts which, if committed by an adult, would constitute the crimes of attempted assault in the first degree, assault in the second degree, and criminal possession of a weapon in the fourth degree. In a separate [*2]omnibus motion for each case, the appellant unsuccessfully sought, inter alia, to dismiss each petition as facially insufficient and to suppress statements he made to law enforcement officials (see People v Huntley, 15 NY2d 72).
In a written order following separate fact-finding hearings on the two petitions, the court found beyond a reasonable doubt that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of assault in the second degree, criminal possession of a weapon in the fourth degree, robbery in the second degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree. The court adjudicated the appellant a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of six months.
The appeal from so much of the order of fact-finding and disposition as placed the appellant in the custody of the New York State Office of Children and Family Services for a period of six months has been rendered academic, as the period of placement has expired (see Matter of Willie J., 76 AD3d 1075; Matter of Crystal B., 63 AD3d 1056, 1057).
Contrary to the appellant's contention, the juvenile delinquency petitions filed against him were not jurisdictionally defective. Initially, we may decide whether the petitions were jurisdictionally deficient, without remittal to the Family Court, as such jurisdictional challenges are not waivable and are reviewable for the first time on appeal (see Matter of Michael M., 3 NY3d 441, 443; Matter of Ricki I., 157 AD3d 792, 793). Moreover, as the issue is the facial sufficiency of the petitions, no additional evidence is needed for this Court to make a determination (see Family Ct Act § 311.2[3]; Matter of Ricki I., 157 AD3d at 793).
A juvenile delinquency proceeding is originated in the Family Court by the filing of a petition (see Family Ct Act § 310.1[1]; Matter of Michael M., 3 NY3d at 445). For the petition, or a count thereof, to be sufficient on its face, the factual part of the petition or of any supporting depositions must set forth sworn, nonhearsay allegations sufficient to establish, if true, every element of each crime charged and the alleged delinquent's commission thereof (see Family Ct Act § 311.2[3]; Matter of Markim Q., 7 NY3d 405, 407; Matter of Michael M., 3 NY3d at 445; Matter of Neftali D., 85 NY2d 631, 635; Matter of Jahron S., 79 NY2d 632, 639). Such allegations must be set forth in the petition or the supporting depositions (see Family Ct Act § 311.2[3]; Matter of Jahron S., 79 NY2d at 635-636). The failure to comply with this requirement constitutes a nonwaivable jurisdictional defect that deprives the court of subject matter jurisdiction to entertain the petition or count (see Matter of Neftali D., 85 NY2d at 634; Matter of Ricki I., 157 AD3d at 793).
Upon our review of the petitions in both the robbery and the assault cases, we conclude that the supporting depositions set forth sworn, nonhearsay allegations sufficient, if true, to establish that the appellant committed the acts constituting the aforementioned crimes (see Family Ct Act § 311.2[3]). Accordingly, the petitions were not facially deficient.
Similarly unavailing is the appellant's contention that his statements to law enforcement officials should have been suppressed based on the alleged violation of his Miranda rights (see Miranda v Arizona, 384 US 436). "When a police officer takes a child . . . into custody for juvenile delinquency, the officer must immediately notify the parent or other person legally responsible for the child's care, or if such legally responsible person is unavailable the person with whom the child resides, that the child has been taken into custody'" (Matter of Jimmy D., 15 NY3d 417, 421, quoting Family Ct Act § 305.2[3]). "A child shall not be questioned pursuant to [Family Court Act § 305.2] unless he and a person required to be notified pursuant to [Family Court Act § 305.2(3)] if present, have been advised" of his Miranda rights (Family Ct Act § 305.2[7]; see Matter of Jimmy D., 15 NY3d at 421). Although there are many advantages to having a parent present during custodial interrogations, "it does not follow as a matter of law that a child's confession obtained in the absence of a parent is not voluntary" (Matter of Jimmy D., 15 NY3d at 422). "In fact, the Family Court Act expressly contemplates the possibility that the police may be unable to contact the parent of a child in custody, despite every reasonable effort' (Family Ct Act § 305.2[4]), or that a notified parent may be unable or unwilling to be present at the location of custody (see Family Ct [*3]Act § 305.2[7])" (Matter of Jimmy D., 15 NY3d at 423; see People v Bonaparte, 130 AD2d 673, 675). "Moreover, whether a confession was, beyond a reasonable doubt, voluntary is a mixed question of law and fact, and is to be determined from the totality of circumstances" (Matter of Jimmy D., 15 NY3d at 423 [citation and internal quotation marks omitted]).
Here, we agree with the Family Court's denial of those branches of the appellant's omnibus motions which were to suppress his statements to law enforcement officials. To the extent that the appellant's arguments rely upon testimony from the fact-finding hearings, they are not properly before this Court, as he did not move at the fact-finding hearings for a mistrial, to reopen the Huntley hearings, or to renew his motions to suppress his statements (see Family Ct Act § 330.2[4]; People v Wellington, 84 AD3d 984, 985; People v Bajana, 82 AD3d 1111, 1111). Furthermore, the totality of the circumstances with respect to both the assault and the robbery cases established beyond a reasonable doubt that the appellant knowingly and voluntarily waived his Miranda rights when he gave statements to the police in these cases (see Matter of Jimmy D., 15 NY3d at 423).
Viewing the evidence in the light most favorable to the Presentment Agency, we find that it was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crimes of assault in the second degree, criminal possession of a weapon in the fourth degree, robbery in the second degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree (see Matter of Michael M., 165 AD3d 1145, 1147). Moreover, upon our independent review of the record, we are satisfied that the Family Court's fact-finding determination as to these counts was not against the weight of the evidence (id.).
The appellant's remaining contentions are without merit.
MASTRO, J.P., ROMAN, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court